ROBERT A. ANDERSEN, Plaintiff-Appellant, v. RESOURCE ECO-- NOMICS CORPORATION *et al.*, Defendants-Appellees.

First District (5th Division) No. 85—3257

Opinion filed December 9, 1988.

Robert G. Peterson & Associates, of Chicago (Robert G. Peterson and Michael R. Alberts, of counsel), for appellant.

Greenberg, Keele, Lunn & Aronberg, of Chicago (Mitchell S. Goldgehn, Halbert O. Crews, and James A. Smith, of counsel), for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Robert A. Andersen, initiated this action against the defendants, Resource Economics Corporation, Thompson R. Adams

and Donald E. Pollard. The trial court granted Resource Economics Corporation's motion to dismiss Andersen's second amended complaint and denied Andersen's motion for leave to file a third amended complaint. Andersen appeals.

Robert A. Andersen's second amended complaint sought damages for fraud, an injunction, an accounting and an order restraining the depletion, wasting, the paying out or the distribution of Resource Economics Corporation's profit to the defendants, Thompson R. Adams and Donald E. Pollard. Andersen's complaint alleged that in 1977, he and the defendants, Thompson R. Adams and Donald E. Pollard, formed the defendant corporation, Resource Economics Corporation, to sell caustic soda. In the incorporation of Resource Economic Corp., Andersen and the defendants, Adams and Pollard, each contributed $1,000 for one-third of the outstanding shares of Resource Economics Corporation. Andersen was employed as an officer and employee of the defendant, Resource Economics Corporation, from January 1977 to December 1979. Andersen further alleged that in December of 1979, the defendants, Adams and Pollard, who then owned two-thirds of the stock, forced him to resign. Andersen maintained that the defendants in so doing fraudulently misrepresented material facts. Andersen claimed that the defendants, Adams and Pollard, (1) misrepresented to Andersen that his shares of Resource Economics Corporation stock were worthless; (2) concealed from Andersen the fact that the value of caustic soda had substantially increased; and (3) concealed from Andersen a pending offer from Resource's supplier, Solvay Chemical, to purchase a $500,000 contract. Andersen also maintained that in reliance on defendants' misrepresentations of material facts he sold his shares of Resource Economics Corporation stock to the defendants at a nominal price on March 15, 1980.

The issue on this appeal deals with the jurisdiction of this court and the trial court. Plaintiff contends the trial court erred in its determination that it did not have jurisdiction to hear or to grant plaintiff's motion for leave to file a third amended complaint. The defendants, on the other hand, urge that this court lacks jurisdiction to consider plaintiff's instant appeal.

The record reflects that on March 28, 1985, the trial court entered an order dismissing plaintiff's second amended complaint for failure to state a cause of action for fraud. On April 26, 1985, at 2:17 p.m., plaintiff filed a notice of appeal from that dismissal order. This notice of appeal, which divested the trial court of jurisdiction and stayed the proceedings in the trial court, was filed within the 30-

day period within which plaintiff was entitled to file a motion for reconsideration of the trial court's March 28, 1985, order which dismissed his second amended complaint. In the absence of the filing of the notice of appeal on April 26, 1985, plaintiff was entitled to file in the trial court (and obtain a ruling on) his motion for leave to file his third amended complaint. Although plaintiff had filed his notice of appeal, plaintiff thereafter, at 4:17 p.m. on April 26, 1985, filed in the trial court his motion for leave to file a third amended complaint. In his motion for leave to file a third amended complaint plaintiff alleged:

"1. Plaintiff intends to plead further allegations, new and distinct from the prior allegations, which have been dismissed by this Court.

2. Time is necessary to fully research and draft the said further allegations as a new theory of recovery is involved.

3. The said further allegations state a theory substantively different from the prior allegations.

4. That facts heretofore not pleaded, and unknown to plaintiff's attorney, have come to be known.

5. That the said new allegations of fact also cure any defect in the Second Amended Complaint, previously dismissed by this Court."

As previously stated, the notice of appeal from the trial court's March 28, 1985, dismissal order, which was filed at 2:17 p.m. on April 26, 1985, divested the trial court of jurisdiction and further proceedings in the trial court were thereby stayed. Plaintiff subsequently filed, at 4:17 p.m. April 26, 1985, a motion for leave to file a third amended complaint which pended unresolved in the trial court, which lacked jurisdiction to rule on the motion. On July 23, 1985, plaintiff filed a motion to dismiss his appeal. Plaintiff's motion to dismiss his appeal recited:

"1. *On April 26, 1985, plaintiff timely filed a motion for leave to file a 3rd Amended Complaint and for relief from this Court's Order of March 28, 1985.*

2. On April 26, 1985, earlier plaintiff filed his Notice of Appeal from the said Order.

3. *That plaintiff's said Motion for leave to file, timely made, is in the nature of a post-trial Motion,* and pursuant to Supreme Court Rule 303(a)(2), the plaintiff's notice of appeal, filed prior to a disposition on the Motion for leave to file, has no effect and may be withdrawn by moving for dismissal pursuant to Supreme Court Rule 309.

4. That, pursuant to Supreme Court Rule 309, this Motion is brought prior to the filing of the Record on Appeal and this Court has jurisdiction to dismiss plaintiff's Appeal." (Emphasis added.)

Illinois Supreme Court Rule 303(a)(2) (107 Ill. 2d R. 303(a)(2)) provides:

"When a timely post-trial motion has been filed by any party, *** a notice of appeal filed before the entry of the order disposing of the last pending post-trial motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-trial motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the post-trial motion, as provided in subparagraph (a)(1) of this rule."

Illinois Supreme Court Rule 309 (107 Ill. 2d R. 309) provides:

"Before the record on appeal is filed in the reviewing court, the trial court may dismiss the appeal of any party (1) on motion of that party or (2) on stipulation of the parties."

In plaintiff's foregoing July 23, 1985, motion to dismiss his appeal, plaintiff expressly sought to have his April 26, 1985, motion for leave to file his third amended complaint treated by the court as a post-trial motion. Plaintiff pointed out that he was seeking "relief from the trial court's order of March 28, 1985," which dismissed his second amended complaint for failure to state a cause of action. The trial court on July 23, 1985, pursuant to plaintiff's motion to dismiss his appeal, entered the following order:

"It is hereby ordered that Plaintiff's Notice of Appeal filed with the Clerk of the Court on April 26, 1985, is hereby withdrawn and dismissed.

Further ordered and *it appears that defendants object to the pleading filed by the Plaintiff on April 26, 1985, entitled: Motion for Leave to File Third Amended Complaint* as a post-trial motion. And for other reasons plaintiff shall have 7 days to file its brief in support thereof and defendants shall have 35 days to respond. Plaintiff shall have 7 days to reply.

Ordered that this matter is set for hearing on October 8, 1985 at 10 a.m., without further notice." (Emphasis added.)

This foregoing July 23, 1985, order, which dismissed plaintiff's appeal, additionally recognized that plaintiff sought, by the language of his July 23, 1985, motion to dismiss his appeal, *"relief from this*

*court's order of March 28, 1985," and that the "motion for leave to file [was] in the nature of a post-trial motion."* (Emphasis added.) The defendant objected thereto and the trial court set the motions for hearing on October 8, 1985.

On October 8, 1985, pursuant to the trial court's order of July 23, 1985, plaintiff's *"motion for leave to file a third amended complaint and for relief from this court's order of March 28, 1985"* and *"for said motion for leave to file, timely made, [be treated] in the nature of a post-trial motion"* (emphasis added) came on to be heard. The court stated and ruled:

"There are so many reasons why leave to file a third amended complaint must be denied, that I hardly know where to begin.

On March 28, 1985, after a full hearing on briefs previously presented to this Court the Court dismissed the action brought under the second amended complaint.

On April 26, 1985, at 2:17 P.M., the plaintiff filed a notice of appeal, and effectively ousted this Court of any jurisdiction over the matter.

On July 23, 1985, the plaintiff obtained an order dismissing its appeal; but this order was entered after the plaintiff was advised by defense counsel that such action would effectively end the dispute because no valid post-trial motion was on trial.

It's my recollection that the Court also indicated that caution was the byword before counsel for the plaintiff should proceed with his motion to dismiss his appeal.

The appeal was nonetheless dismissed by this Court's order on July 23, 1985.

Dismissal of the appeal by the plaintiff does terminate the action.

The purported post-trial motion relied on by the plaintiff is a motion for leave to file a third amended complaint. That motion was filed two hours after the Circuit Court had been ousted from its jurisdiction by the notice of appeal.

The purported motion for leave to file is not a post-trial motion, and was filed without leave of Court and after jurisdiction had been vested in the Appellate Court.

Dismissal of the appeal ends the matter; nothing is before this Court."

■ Plaintiff contends that the timely filing of his motion for leave to file his third amended complaint on April 26, 1985, to be treated as a post-trial motion on the trial court's March 28, 1985, or-

der dismissing plaintiff's second amended complaint, the filing and pending of the notice of appeal from the trial court's March 28, 1985, dismissal order from April 26, 1985, to July 23, 1985, and the trial court's order of July 23, 1985, entering and continuing plaintiff's motion for leave to file his third amended complaint, as a post-trial motion and setting same for hearing and ruling on October 8, 1985, tolled the time within which to file his notice of appeal from a denial of said motion, *i.e.*, to within 30 days from October 8, 1985. We agree.

The appeal filed on April 26, 1985, was dismissed on July 23, 1985, and under the circumstances presented, the trial court was not divested of jurisdiction on October 8, 1985, to hear plaintiff's motion for leave to file his third amended complaint. It was on March 28, 1985, that the trial court dismissed plaintiff's second amended complaint. Within 30 days thereafter, on April 26, 1985, plaintiff filed his motion for leave to file his third amended complaint, after having two hours earlier filed his notice of appeal from the trial court's March 28, 1985, dismissal order. Plaintiff stated in his April 26 motion for leave to file a third amended complaint that "the said new allegation[s] of fact also cure any defect in the second amended complaint previously dismissed by this court." The trial court was without jurisdiction to rule on plaintiff's April 26, 1985, motion for leave to file a third amended complaint because of the filing of plaintiff's notice of appeal on April 26, 1985, two hours previously. Jurisdiction was then in the appellate court, for review of the March 28, 1985, dismissal order. Jurisdiction remained in the appellate court until July 23, 1985, on which date plaintiff's appeal was dismissed, pursuant to plaintiff's appeal dismissal motion, which informed the trial court that "on April 26, 1985, plaintiff timely filed a motion for leave to file a 3rd amended complaint *and for relief from this court's order of March 28, 1985*," and that "[p]*laintiff's said motion for leave to file, timely made, is in the nature of a post trial motion.*" (Emphasis added.) The trial court and opposing counsel were thereby adequately informed that plaintiff was dissatisfied with the trial court's March 28, 1985, dismissal order. Plaintiff also thereby gave the trial court an opportunity to review and pass upon the validity of its ruling dismissing plaintiff's second amended complaint, which is a purpose the post-trial motion serves. After dismissing plaintiff's appeal on July 23, 1985, the trial court on that date continued what plaintiff considered to be plaintiff's post-trial motion to October 8, 1985, on which date the trial court erroneously took the position that "dismissal of the appeal [on July 23, 1985] by the plaintiff does terminate the action."

364

Under the facts presented the dismissal of the appeal did not terminate the action and plaintiff's motion for leave to amend should have been liberally construed to permit defects in plaintiff's complaint to be cured. *Wilde v. First Federal Savings & Loan Association* (1985), 134 Ill. App. 3d 722, 480 N.E.2d 1343.

■ Next, as to this court's authority to hear the instant appeal, Supreme Court Rule 303 states that a new notice to appeal must be filed within the prescribed time limit from the entry of the order disposing of the post-trial motion. On November 8, 1985, the plaintiff filed his notice of appeal from the October 8, 1985, order and thereby vested this court with jurisdiction to hear the instant appeal. In his notice of appeal plaintiff stated he was appealing both from the order entered March 28, 1985, which dismissed plaintiff's second amended complaint, and the *order entered October 8, 1985, which denied plaintiff leave to file his third amended complaint.*

Because plaintiff's appeal was filed within the 30-day prescribed time limit from the entry of the October 8, 1985, order disposing of his post-trial motion, we hold that pursuant to Supreme Court Rule 303 this court has jurisdiction to hear the instant appeal and we reverse the trial court's October 8, 1985, order holding that dismissal of the appeal by plaintiff terminated the action and we remand the cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

LORENZ*, P.J., and MURRAY, J., concur.

---

*Justice Sullivan having retired, Presiding Justice Lorenz was substituted in his place and, having considered the briefs, concurs.