(No. 68113.—

ROBERT A. ANDERSEN, Appellee, v. RESOURCE ECONOMICS CORPORATION *et al.*, Appellants.

*Opinion filed January 17, 1990.*

Greenberg, Keele, Lunn & Aronberg, of Chicago (Mitchell S. Goldgehn, Nathan H. Lichtensţein and Hal-bert O. Crews, of counsel), for appellants.

Robert G. Peterson & Associates, of Chicago (Robert

G. Peterson and Michael R. Alberts, of counsel), for appellee.

JUSTICE CALVO delivered the opinion of the court:

Plaintiff, Robert Andersen, brought an action against the defendants, Resource Economics Corporation, Thompson Adams and Donald Pollard. Ultimately, the circuit court granted defendants' motion to dismiss plaintiff's second amended complaint and denied plaintiff's motion for leave to file a third amended complaint. Plaintiff sought review in the appellate court and therein obtained a reversal. (177 Ill. App. 3d 358.) We granted leave to appeal pursuant to our Rule 315 (107 Ill. 2d R. 315).

Plaintiff filed a complaint in the circuit court of Cook County on June 17, 1982, alleging common law fraud and seeking compensatory and punitive damages, as well as an accounting and injunctive relief. The cause was ordered dismissed on April 6, 1983, for want of prosecution. On April 19, 1983, plaintiff moved to vacate the dismissal, and, on May 13, 1983, the order of dismissal was vacated. Defendants moved to dismiss plaintiff's complaint for failure to state a cause of action. The motion was granted on December 19, 1983; plaintiff was given leave to file an amended complaint. Plaintiff's first amended complaint was filed January 17, 1984. On February 14, 1984, defendants moved to dismiss for failure to state a cause of action. Prior to a ruling on defendants' motion, the cause was again dismissed for want of prosecution on March 27, 1984. Pursuant to plaintiff's April 12 motion to vacate, the court reinstated the cause as of May 4, 1984. On July 18, 1984, plaintiff's first amended complaint was dismissed for failure to state a cause of action. Plaintiff was given leave to amend within 28 days.

On August 30, 1984, plaintiff moved for leave to file his second amended complaint *instanter*. The motion was granted on October 10, 1984, over defendants' objection. Defendants, on November 8, 1984, again moved to dismiss for failure to state a cause of action, and, on March 28, 1985, the second amended complaint was dismissed without costs to either party.

At 12:17 p.m. on April 26, 1985, plaintiff filed, in the circuit court, a notice of appeal by which he sought reversal of the circuit court's order of dismissal and reinstatement of his second amended complaint. Subsequently, at 4:23 p.m. that same day, plaintiff filed a motion for leave to file a third amended complaint. In his motion, plaintiff stated his intention to plead "further allegations, new and distinct from the prior allegations," which would "state a theory substantively different from the prior allegations" and "cure any defect in the Second Amended Complaint." The motion alleged that the facts underlying the "new and distinct" allegations were previously "unknown to plaintiff's attorney."

On June 23, 1985, plaintiff moved to dismiss his appeal pursuant to Supreme Court Rules 309 and 303(a)(2) (107 Ill. 2d Rules 303(a)(2), 309), claiming that his motion for leave to file a third amended complaint was "in the nature of a post-trial Motion." The circuit court, on July 23, 1985, ordered plaintiff's notice of appeal "withdrawn and dismissed." Noting in its order plaintiff's filing of a "pleading" entitled "Motion for Leave to File Third Amended Complaint" and defendants' objection to treating the pleading as a post-trial motion, the court ordered briefs and set the matter for hearing.

Plaintiff's motion was "denied" on October 8, 1985. In announcing its ruling, the court recounted the events of July 23—the day plaintiff's notice of appeal was withdrawn. The court noted that both defense counsel and the court had cautioned plaintiff with regard to his mo-

tion to dismiss his appeal and defense counsel had actually advised plaintiff that "such action would effectively end the dispute because no valid post-trial motion" had been filed. Nevertheless, plaintiff insisted upon dismissing his appeal. The circuit court held dismissal of the appeal did indeed terminate the action because plaintiff's motion for leave to file a third amended complaint was not a valid post-trial motion and the court, in any event, was "without jurisdiction to receive such a filing" since "jurisdiction had been vested in the Appellate Court." Furthermore, the court observed that it would have denied plaintiff's motion on the merits even absent the jurisdictional deficiencies because, contrary to plaintiff's representations otherwise, the proposed third amended complaint contained no new facts and did not cure the deficiencies of the prior complaint. Moreover, plaintiff offered no explanation why the "new facts" could not have been discovered and incorporated in any one of the three prior complaints. Plaintiff, on November 6, 1985, filed a notice of appeal, purporting to appeal from the circuit court's March 28 and October 8 orders.

The pivotal issue before the appellate court was whether plaintiff's motion to file a third amended complaint could be considered a valid post-judgment motion. If so, it and plaintiff's November 6 notice of appeal were timely filed and the circuit court had the authority to rule on the merits of plaintiff's motion. If not, plaintiff's appeal had to be dismissed for failure to file a notice of appeal within the time limitations of Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)).

The appellate court concluded that plaintiff's motion for leave to file a third amended complaint qualified as a post-trial motion. (177 Ill. App. 3d at 363-64.) In its opinion, the appellate court relied heavily upon language in the prayer for relief of plaintiff's motion for leave to amend wherein he requested "relief from [the circuit]

court's order of March 28, 1985," and upon plaintiff's characterization of his motion to amend as a "post-trial motion" when he moved to dismiss his first appeal. (177 Ill. App. 3d at 360-63.) The appellate court held that it had jurisdiction to hear plaintiff's appeal, reversed the circuit court and remanded the cause "for further proceedings consistent with the views expressed" in the opinion. (177 Ill. App. 3d at 364.) It is not entirely clear what the appellate court expected the circuit court to do on remand. The appellate court stated that "plaintiff's motion for leave to amend should have been liberally construed to permit defects in plaintiff's complaint to be cured" (177 Ill. App. 3d at 364); however, the circuit court had already afforded plaintiff ample opportunity to state a cause of action and had, in fact, examined the third amended complaint and found it wanting. The appellate court expressed no opinion as to the sufficiency of either plaintiff's second or third amended complaint.

We vacate the judgment of the appellate court. As the circuit court held, plaintiff's motion for leave to amend was not a valid post-judgment motion cognizable by that court or capable of extending the time for filing a notice of appeal under our Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)). Moreover, even if we were to assume, *arguendo*, the motion was a "post-judgment" motion, the circuit court did not abuse its discretion in denying it where, as here, plaintiff had failed to state a cause of action in three attempts, resulting in dismissal with prejudice, thereafter moved to amend again on April 26, 1985, without attaching the proposed complaint to his motion or demonstrating to the court how he could cure prior defects (see *Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God* (1958), 13 Ill. 2d 258, 266-67), and, ultimately, stated nothing new in his proposed complaint. We need not address the merits, however, because the absence of a valid post-

judgment motion requires dismissal for want of jurisdiction.

In *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135-36, this court held a motion for leave to amend a complaint, after dismissal with prejudice, does not extend the time for appeal or the time for filing other motions (*Sears v. Sears* (1981), 85 Ill. 2d 253, 258), because such a motion is not "directed against the judgment" within the meaning of Rule 303(a)(1), nor is it encompassed within the relief provided for by section 68.3(1) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 68.3(1) (now Ill. Rev. Stat. 1987, ch. 110, par. 2—1203(a))), which specifies rehearing, retrial, modification or vacation of judgment, or "other relief." *Fultz*, 49 Ill. 2d at 135-36.

The purpose of a post-judgment motion is, after all, to allow the circuit court to review its decisions and, to that end, specificity is required. (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 349-50.) Plaintiff's motion neither requests modification or vacation of the judgment, nor offers *any* points warranting such. Hence, it is not a valid post-judgment motion.

Even if we were to disregard *Fultz*, which appears to be controlling authority, our examination of plaintiff's motion reveals that it is nothing more than a title and an ambiguous prayer for relief with absolutely no substance in between. To call such a document a "post-judgment motion" would be to blindly adhere to nomenclature at the expense of reality. This we refuse to do.

There are two types of post-judgment motions: the most common type which challenges the judgment, basing its attack upon facts apparent at the time the judgment was rendered, and another type which raises new facts or matters which were not presented to the court or considered by it when it ruled, but which, arguably, would have prevented rendition of the judgment had they been known to the court. A primary requisite of the

latter type of post-judgment motion is that the newly discovered evidence was in fact "newly discovered" and was not previously discoverable prior to judgment by the exercise of ordinary diligence. *People ex rel. Drury v. Catholic Home Bureau* (1966), 34 Ill. 2d 84, 97.

Looking at the body of plaintiff's motion for leave to amend, it is clear that plaintiff was not questioning the propriety of the order dismissing his second amended complaint. Plaintiff mentions "new and distinct *** allegations" based on "facts heretofore not pleaded, and unknown to plaintiff's attorney" which, he alleges, will "state a theory substantively different from the prior allegations." Plaintiff assured the court the "new allegations of fact" would "cure any defect in the Second Amended Complaint." Nowhere in plaintiff's motion is there any intimation that the court erred in dismissing the second amended complaint.

Moreover, plaintiff stated no new facts, theories, or anything else in his motion which would arguably entitle him to relief from the March 28, 1985, order of dismissal. It is not enough for plaintiff to allege there are new facts and theories to warrant relief from the court's judgment; plaintiff must incorporate those facts or theories in his motion, or obtain an extension of time in which to do so. Plaintiff's motion, even if we were to liberally construe it as a motion for extension of time, would not suffice to extend the time for filing a post-judgment motion under section 2—1203 of the Civil Practice Law because plaintiff did not *obtain* an extension "within the 30 days" for filing a post-judgment motion. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1203.) To hold otherwise would allow a party to unilaterally extend the time for filing a post-judgment motion beyond the statutory time limit by merely *filing* a motion for extension of time. Finally, we note that plaintiff failed to allege any facts which would arguably establish the exer-

cise of ordinary diligence and excuse plaintiff's failure to include the "new allegations" in any of his three prior complaints. Indeed, even a casual perusal of the record in this case will reveal that plaintiff's diligence was a commodity in short supply.

The instant pleading is so wanting in substance that it cannot be characterized as a valid post-judgment motion. We believe this motion was interposed solely for purposes of further delaying the resolution of this cause. We will not sanction this tactic.

For the foregoing reasons, we vacate the judgment of the appellate court and order this cause dismissed.

*Appellate court judgment vacated; cause dismissed.*