Docket Nos. 85967, 85974 cons.–Agenda 10–March 1999.

JOAN BERG, Appellee, v. ALLIED SECURITY, INC., 
et al.
, 

 Appellants.

Opinion filed July 1, 1999.

JUSTICE HARRISON delivered the opinion of the court:

At issue in these two consolidated appeals is whether plaintiff’s post-judgment motion was sufficient to toll the period for filing her notice of appeal following entry of summary judgment in favor of defendants. For the reasons that follow, we hold that it was. We therefore affirm.

Plaintiff, Joan Berg, filed a personal injury action against defendants, Allied Security, Inc., and Podolsky & Associates, Inc. On September 4, 1996, the circuit court of Cook County granted summary judgment in favor of both defendants. 735 ILCS 5/2–1005 (West 1996). Thirty days later, on October 4, plaintiff moved for reconsideration or, in the alternative, for leave to file an amended complaint. In an order filed October 15, the circuit court denied reconsideration and took the request for leave to amend under advisement. On November 21, leave to amend was denied. Five days later, on November 26, plaintiff filed her notice of appeal.

In the appellate court, defendants argued that plaintiff’s notice of appeal was untimely. Although it was filed less than a week after the circuit court had disposed of the last matter raised by plaintiff’s post-judgment motion, defendants contended that plaintiff’s motion was so deficient that it did not qualify as a post-

judgment motion under section 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1203 (West 1996)) and therefore did not operate to toll the 30-day appeal period under Rule 303(a) (155 Ill. 2d R. 303(a)). Defendants’ theory was that because the 30-day period was not tolled by the pendency of the plaintiff’s motion, the notice of appeal actually came too late, and the appellate court therefore lacked jurisdiction to entertain plaintiff’s appeal.

The appellate court rejected defendants’ jurisdictional challenge and addressed plaintiff’s appeal on the merits. It held that genuine issues of material fact existed and that summary judgment was therefore improper. Accordingly, it set aside the circuit court’s summary judgment in favor of defendants and remanded the cause to the circuit court for further proceedings. 297 Ill. App. 3d 891.

Both defendants petitioned this court for leave to appeal (177 Ill. 2d R. 315). We granted those petitions and consolidated the appeals for hearing and disposition.

In the proceedings before us, neither defendant takes issue with the appellate court’s handling of the substantive issues related to their motions for summary judgment. Defendants’ arguments are strictly procedural. They contend, as they did in the appellate court, that plaintiff’s notice of appeal simply came too late to confer jurisdiction on the appellate court and that the appellate court therefore had no right to review the circuit court’s judgment on the merits. Accordingly, defendants assert that the appellate court’s judgment should be vacated for lack of jurisdiction and that plaintiff’s appeal should be dismissed.

In addressing defendants’ claims, we begin with the familiar proposition that jurisdiction is conferred upon the appellate court only through the timely filing of a notice of appeal.
 Archer Daniels Midland Co. v. Barth
, 103 Ill. 2d 536, 538 (1984); 155 Ill. 2d R. 301. Under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)), a notice of appeal must be filed

“within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-judgment motion.”

Although this rule utilizes language which makes its requirements appear mandatory, our court has recently recognized that the rule’s requirements may be relaxed. In an appropriate case, the appellate court may entertain an appeal even where the appellant has failed to comply with Rule 303. 
In re Marriage of Skahan
, 178 Ill. 2d 577 (1998).

There is no dispute that within 30 days of the circuit court’s entry of summary judgment in this case, plaintiff did file a post-

trial motion directed against the judgment. As previously indicated, the sole issue raised by defendants is the sufficiency of that motion. Because the motion attacked a judgment entered by the court sitting without a jury, it was subject to section 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1203 (West 1996)) and had to specifically request one or more of the types of relief specified in that provision., 
i.e.
, rehearing, retrial, modification of the judgment, vacating the judgment or other similar relief. 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 461 (1990); 
Fultz v. Haugan
, 49 Ill. 2d 131, 135-36 (1971).

Plaintiff’s motion here included such a request. It expressly asked the court to reconsider its entry of summary judgment and to reverse that judgment. Although plaintiff did not detail in the motion itself precisely why she thought the judgment was infirm, she was not required to do so under section 2–1203. In contrast to section 2–1202 of the Code of Civil Procedure (735 ILCS 5/2–1202 (West 1996)), which governs post-trial motions in jury cases, section 2–1203 contains no requirement that the motion contain the points on which it is based or that it specify the grounds supporting it. See, 
e.g
., 
In re Marriage of Jerome
, 255 Ill. App. 3d 374, 389 (1994).

The distinction between section 2–1203 and section 2–1202, as the appellate court in this case correctly recognized (297 Ill. App. 3d at 895), reflects the different requirements for preserving error on review in jury and nonjury cases. Section 2–1202 mandates specificity in post-judgment motions in jury cases because in such cases, the post-judgment motion defines the scope of review. In a jury case,“[a] party may not urge as error on review of the ruling on the party’s post-trial motion any point, ground, or relief not specified in the motion.” 155 Ill. 2d R. 366(b)(2)(iii). If an issue is not raised in the post-trial motion, it is waived for review. See 
Majcher v. Laurel Motors, Inc.
, 287 Ill. App. 3d 719, 738 (1997).

In nonjury cases, by contrast, post-trial motions are not required at all, and “[n]either the filing of nor the failure to file a post-judgment motion limits the scope of review” (155 Ill. 2d R. 366(b)(3)(ii)). As long as the issue sought to be contested on appeal is presented to the trial court at some point, the issue is not waived on appeal by failure to file post-judgment pleadings. See 
In re Marriage of Mohr
, 260 Ill. App. 3d 98, 101 (1994). Post-

judgment pleadings are not necessary to preserve the right to raise issues concerning entry of summary judgment even where the case involves additional matters which subsequently proceed to trial before a jury. 
Mohn v. Posegate
, 184 Ill. 2d 540, 546-47 (1998).

Notwithstanding these considerations, the appellate court has sometimes viewed the requirements for post-trial motions under section 2–1203 more stringently. Based on language this court used in 
Beck v. Stepp
, 144 Ill. 2d 232, 241 (1991), and 
Andersen v. Resource Economics Corp.
, 133 Ill. 2d 342, 347 (1990), various appellate court decisions have held that motions filed under section 2–1203 are required to specify the grounds warranting the relief requested. See, 
e.g
., 
J.D. Marshall International, Inc. v. First National Bank
, 272 Ill. App. 3d 883, 888 (1995); 
Sho-Deen, Inc. v. Michel
, 263 Ill. App. 3d 288, 293 (1994). As the appellate court in this case correctly pointed out, however, the circumstances in 
Beck 
and 
Andersen
 were qualitatively different from those present here.

In this case, the post-judgment motion was clearly identifiable as such, it was directed at the circuit court’s judgment, and it included an explicit request that the judgment be reconsidered and reversed, the type of relief contemplated by section 2–1203 of the Code. That was not true in either 
Beck
 or 
Andersen
.

In
 Beck
, the only document submitted by counsel after entry of summary judgment was a letter to the trial judge noting that the judge’s order differed from counsel’s understanding of what the court told the parties it was going to do during a conference call. That letter did not constitute an application for judicial relief. It therefore could not qualify as any kind of motion, much less a post-trial motion under section 2–1203.

In 
Andersen
, plaintiff’s counsel simply requested leave to file an additional amended complaint after three prior versions of the complaint were dismissed. The motion did not seek reconsideration of the previous dismissals. Unlike the case at bar, the propriety of the court’s prior rulings was not at issue. Counsel’s motion was based on the wholly separate theory that additional facts previously unknown to plaintiff’s attorney had been discovered which would permit plaintiff to now plead a new theory of recovery substantively different from those previously advanced.

Because neither 
Beck
 nor 
Andersen
 involved motions attacking the circuit court’s judgment and requesting the type of relief contemplated by section 2–1203, the issue of how much specificity is required by a proper section 2–1203 motion was not actually before the court. The court’s discussion of the specificity requirements should therefore not be construed as establishing a rule that is controlling where, as here, the post-judgment motion does attack the circuit court’s judgment and does request relief in accordance with section 2–1203. See 
Mendelson v. Ben A. Borenstein & Co.
, 240 Ill. App. 3d 605, 615 (1992).

Proponents of greater specificity under section 2–1203 cite the need to afford the trial judge an opportunity to evaluate what exactly it is he is alleged to have done wrong so he can take appropriate corrective action. While this is a legitimate consideration, we note that the particulars of the movant’s claims can always be explored at the hearing on the motion. As far as the trial court’s deliberative process is concerned, having the specifics set out in the motion itself is not essential.

A more compelling reason for requiring greater specificity in the motion is to give opposing counsel fair notice of the arguments he must be prepared to address once the hearing on the motion is convened. If opposing counsel cannot reasonably understand and prepare for movant’s arguments based on the text of the motion, however, that is a reason for denying the motion or granting counsel an additional opportunity to respond after the initial hearing is concluded. It is not a reason for holding that the motion does not even qualify as a motion. A lame horse, after all, is still a horse.

Those who would graft additional requirements onto section 2–1203 forget that, as part of the Code of Civil Procedure, the statute is to be liberally construed. 735 ILCS 5/1–106 (West 1996). They also fail to heed the basic principle of statutory construction that where the language of a statute is clear and unambiguous, as the language of section 2–1203 is, we must give it effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express.
 Garza v. Navistar International Transportation Corp
., 172 Ill. 2d 373, 378 (1996).

Because the post-judgment motion in this case was clearly identifiable as such, was directed at the circuit court’s judgment, and included an explicit request that the judgment be reconsidered and reversed, it met the requirements of section 2–1203 and operated to toll the period for filing a notice of appeal under our Rule 303(a). The appellate court was therefore correct in rejecting defendants’ challenge to its jurisdiction.

Our conclusion that plaintiff’s notice of appeal was timely is not affected by the fact that the circuit court proceeded in stages, first refusing to reconsider the entry of summary judgment and then denying leave to file an amended complaint. Standing alone, a request for leave to amend a complaint after dismissal with prejudice does not extend the time for appeal or the time for filing other motions. 
Fultz v. Haugan
, 49 Ill. 2d at 135-36. In this case, however, the prayer for leave to amend was submitted in tandem with plaintiff’s request for reconsideration, and it was appropriate for plaintiff to wait until all matters raised by her post-trial motion were concluded before filing her notice of appeal. Rule 303 contemplates that parties will proceed in this fashion, rather than through piecemeal notices following each of the trial court’s post-

trial rulings. To penalize plaintiff for proceeding as she did would require a hypertechnical application of the rule which would be manifestly unfair and would serve no legitimate purpose.

For the foregoing reasons, the judgment of the appellate court is affirmed.

Affirmed.
 

JUSTICE MILLER, dissenting:

I disagree with the majority’s conclusion that specificity is not required for post-judgment motions filed in nonjury cases. The majority compares the two relevant provisions, sections 2–1202 and 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1202, 2–1203 (West 1996)), and concludes from the different language used in them that specificity is required for motions under section 2–1202 but not for motions under section 2–1203. I disagree. Importantly, the two statutes were not drafted at the same time; their predecessor provisions were enacted more than 100 years apart. Though the later enactment, section 2–1203, does not contain the same language as the earlier one, this court has previously explained that section 2–1203 was intended to provide for nonjury cases a procedure comparable to that established in section 2–1202 for jury cases. 
People ex rel. Drury v. Catholic Home Bureau
, 34 Ill. 2d 84, 97 (1966).

Toward that end, it is entirely appropriate to require specificity for post-judgment motions in nonjury cases as well as in jury cases. As this court stated in 
Andersen v. Resource Economics Corp.
, 133 Ill. 2d 342, 347 (1990), “The purpose of a post-judgment motion is, after all, to allow the circuit court to review its decisions and, to that end, specificity is required.” The majority acknowledges that this requirement helps both counsel and the trial judge in preparing for the hearing on the motion. Nothing is gained by endorsing a procedure that permits the moving party, whether in a jury case or in a nonjury case, to submit a minimal statement asserting that party’s vague desire for post-judgment relief. Ultimately, the motion threatens to become a tool by which the losing party can further delay the eventual resolution of the case. See 
Andersen
, 133 Ill. 2d at 349. I believe that 
Andersen 
and 
Beck v. Stepp
, 144 Ill. 2d 232 (1991), correctly stated the requirements for motions under section 2–1203, and I would continue to adhere to those decisions.

Even if the post-judgment motion filed in the present case must be deemed sufficient, I disagree with the majority’s separate conclusion that the plaintiff’s notice of appeal was timely. I do not believe that the period for filing a notice of appeal may be extended simply by submitting a request for leave to file an amended complaint in conjunction with a post-judgment motion, as the plaintiff did here. In 
Fultz v. Haugan
, 49 Ill. 2d 131 (1971), this court held that a motion for leave to amend a complaint does not extend the time for filing a notice of appeal. The only difference between this case and 
Fultz 
is that the present plaintiff made the request in conjunction with a motion for reconsideration, while in 
Fultz 
the motion for leave to amend was separate and distinct. I believe that the rationale in 
Fultz 
is equally applicable here, however, and I would conclude that the still-pending request for leave to file a second amended complaint did not further extend the time in which plaintiff could file a notice of appeal, once the trial judge denied her motion for reconsideration. The plaintiff’s notice of appeal, filed more than 30 days after the denial of her motion for reconsideration, was therefore untimely.

JUSTICE RATHJE, also dissenting:

This is a simple case that could have been disposed of in a supervisory order. Instead, the majority, in its zeal to overrule two decisions of this court, buries the dispositive issue in the opinion’s penultimate paragraph and then decides that issue incorrectly.

A post-judgment motion for leave to amend the complaint does not extend the time for appeal, as it is not a motion directed against the judgment. 
Andersen
, 133 Ill. 2d at 347; 
Fultz v. Haugan
, 49 Ill. 2d 131, 135 (1971). On October 4, 1996, plaintiff filed a motion for reconsideration and request for leave to file a second amended complaint. On October 15, 1996, the circuit court denied plaintiff’s motion for reconsideration and took under advisement her request for leave to file a second amended complaint. Plaintiff filed her notice of appeal 42 days later, on November 26, 1996. Case closed. 

The majority evades the blatant untimeliness of plaintiff’s notice of appeal by creating an exception for situations in which the request for leave to amend is submitted in tandem with a motion directed against the judgment. I see no meaningful distinction between the present case and 
Fultz
, in which
 the plaintiff filed a motion to vacate the judgment and then, after that motion was denied, filed a motion for leave to amend the complaint. This court held that the plaintiff had to file her notice of appeal within 30 days after the denial of her motion to vacate the judgment. 
Fultz
, 49 Ill. 2d at 135. Here, plaintiff filed a motion to reconsider, or in the alternative, for leave to file an amended complaint. After the court denied the motion to reconsider, it took under advisement the request for leave to amend the complaint and denied it 37 days later. Pursuant to the rule expressed in 
Fultz
, plaintiff had to file her notice of appeal within 30 days after the denial of her motion to reconsider. She did not timely file the notice, and the appellate court should have dismissed the case for lack of jurisdiction.

Curiously, the majority holds that “it was appropriate for plaintiff to wait until all matters raised by her post-trial motion were concluded before filing her notice of appeal.” Slip op. at 6. This statement contradicts what the majority earlier held. The majority based its decision to overrule portions of 
Andersen
 and 
Beck
 on the plain language of section 2–1203. The majority points out that the post-judgment motions at issue in those cases did not qualify as post-judgment motions because they did not seek the type of relief contemplated by section 2–1203. Clearly, then, the majority recognizes that requesting relief not contemplated by section 2–1203 does not extend the deadline for filing a notice of appeal simply because it is included in a “post-judgment motion.” Nevertheless, the majority later holds that plaintiff’s request for leave to amend stayed the deadline for filing her notice of appeal for no other reason than that it was part of a “post-judgment motion.”

The majority insists that Rule 303 contemplates that parties will proceed in the manner that plaintiff did. I strongly disagree. Plaintiff’s motion to reconsider was directed against the judgment; her request for leave to amend was not. The last pending post-

judgment motion was disposed of on October 15. As of that date, only a request for leave to amend was pending. This is not, as the majority claims, a hypertechnical application of the rule. Rather, it applies the plain language of the rule and follows this court’s jurisprudence. 

The majority opinion is not without irony. The majority justifies overruling 
Andersen
 and 
Beck
 on the ground that the question of specificity of post-judgment motions following bench trials was not properly before the court in those cases
 because there were other dispositive grounds for those decisions. That is likewise the case here.

In sum, plaintiff’s notice of appeal was filed 42 days after the denial of her motion for reconsideration. The effect of the majority’s erroneous decision is that defendant’s summary judgment was reversed by an appellate court that lacked jurisdiction. I would vacate the judgment of the appellate court and order it to dismiss plaintiff’s appeal.

JUSTICE HEIPLE joins in this dissent.