2022 IL App (2d) 210471-U
No. 2-21-0471
Order filed June 27, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOHN R. ZEMATER JR., | ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19 L 10 |
| THE COUNTY OF DE KALB, ROGER A. SCOTT in His Former Official Capacity as Sheriff, and the DE KALB COUNTY SHERIFF'S OFFICE, | ) ) ) ) ) | Honorable |
| Defendants-Appellees. | ) ) ) | Bradley J. Waller, Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) Plaintiff's motion to reconsider was directed against the trial court's judgment making its prior dismissal of his second amended complaint a dismissal with prejudice; therefore, the motion to reconsider was a postjudgment motion that tolled the time for appeal.  (2) The trial court did not err in dismissing plaintiff's second amended complaint alleging malicious prosecution where plaintiff failed to allege that the termination of the prosecution was for reasons indicative of plaintiff's innocence.  (3) The trial court did not err in denying plaintiff's motion to reconsider the dismissal with prejudice, as all factors weighed against allowing plaintiff to replead, particularly since his three complaints in the case consistently alleged facts that defeated his claim.

¶ 2       *Pro se* plaintiff, John R. Zemater Jr. appeals a judgment dismissing, for failure to state a cause of action (735 ILCS 5/2-615 (West 2020)) his second amended complaint claiming malicious prosecution against defendants by the County of De Kalb (County), Roger A. Scott, (former sheriff of De Kalb County[1]), and the De Kalb County Sheriff's Office (sheriff's office). We affirm.

¶ 3                               I. BACKGROUND

¶ 4       On March 7, 2019, plaintiff filed a *pro se* complaint against only the County, alleging that sheriff's deputy Toby Jennings had stopped him for traffic offenses on May 1, 2013, July 23, 2013, and July 31, 2013, and ticketed him for speeding each time. The July 23, 2013, stop also led to a charge of passing illegally and failure to reduce speed to avoid an accident—the passing charge was later dismissed.  In December 2017, while the remaining charges were pending, Jennings died. On March 8, 2018, because of Jennings' death, the State dismissed the traffic citations based on the stops of May 1, 2013, and July 31, 2013.  Plaintiff's complaint sought recovery for malicious prosecution, based on Jennings' allegedly pretextual stops.

¶ 5       The County moved to dismiss the complaint on the bases that (1) it was not liable for the torts of a sheriff's employee; (2) it was statutorily immune (see 735 ILCS 5/2-619(a)(9) (West 2020), 745 ILCS 10/2-109, 2-208 (West 2020)); and (3) the complaint failed to state a cause of action (see 735 ILCS 5/2-615 (West 2020)) because it alleged no facts to support a finding of two elements of the tort: a favorable termination of the criminal case and malice.  On June 17, 2019, the trial court granted the motion to dismiss but allowed plaintiff to replead.

---

[1]Scott retired on June 23, 2021, almost two months before plaintiff's Notice of Appeal dated August 16, 2021.

¶ 6    On December 26, 2019, plaintiff filed a first amended complaint, which kept the County as a defendant and added Scott and the sheriff's office. The first amended complaint repeated the allegations of the original complaint. Defendants moved to dismiss the first amended complaint, on the bases that (1) it did not state a claim for malicious prosecution; (2) defendants were statutorily immune; and (3) the County was not liable for the torts of a sheriff's employee. On February 7, 2020, the trial court dismissed the first amended complaint without prejudice and gave plaintiff until March 23, 2020, to file a second amended complaint. Plaintiff did not meet the deadline. On June 23, 2020, over defendants' objection, the court gave plaintiff until August 7, 2020, to file a second amended complaint, stating that this was the final extension.

¶ 7    On August 7, 2020, plaintiff filed his second amended complaint. Its allegations were essentially similar to those of the two previous complaints. On September 3, 2020, defendants moved to dismiss the second amended complaint, on the same bases as in the motion to dismiss the first amended complaint. On January 22, 2021, the trial court dismissed the second amended complaint for failure to state a cause of action but gave plaintiff 35 days to replead and set May 7, 2020, for status. On May 4, 2021, the court found that plaintiff had failed to file a third amended complaint within 35 days from January 22, 2021, but directed him to file a third amended complaint by May 18, 2021. The order stated, "In the event Plaintiff fails to file a third amended complaint on or before May 18, 2021[,] the matter will be dismissed."

¶ 8    On May 20, 2021, plaintiff had failed to file a third amended complaint, and defendants moved for the entry of a final order of dismissal. On June 3, 2021, the trial court granted the motion and dismissed the second amended complaint with prejudice.

¶ 9    On July 6, 2021, plaintiff filed a "Motion to Reconsider the Granting of Defendant [*sic*] Motion for Entry of Final Order of Dismissal." The motion stated that plaintiff moved the trial

court "to Reconsider the Granting of Defendant [*sic*] Motion for Entry of Final Order of Dismissal." Substantively, it alleged that plaintiff had failed to replead by May 18, 2021, because, earlier that month, he had been served with a separate complaint, and his new case had a discovery deadline of May 26, 2021. It alleged further that he would be able to file a third amended complaint the day after the trial court granted his motion to reconsider. The motion did not allege any error in the underlying judgment. It did not attach a proposed third amended complaint.

¶ 10     On July 15, 2021, the trial court denied plaintiff's motion. On August 16, 2021, plaintiff filed a notice of appeal.

¶ 11                                   II. ANALYSIS

¶ 12     Defendants contend that we lack jurisdiction to hear this appeal. They note that filing a timely notice of appeal is a prerequisite to our jurisdiction. *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). A notice of appeal must be filed within 30 days after the entry of a final judgment or, if a timely postjudgment motion directed against the judgment is filed, within 30 days of the entry of the order disposing of the last pending postjudgment directed against the judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 13     Here, plaintiff filed his motion to reconsider within 30 days (excluding weekends and holidays) of the judgment dismissing his second amended complaint and his notice of appeal within 30 days (excluding weekends and holidays) of the disposition of the motion to reconsider. Thus, the postjudgment motion was timely under section 2-1203(a) of the Code of Civil Procedure (735 ILCS 5/2-1203(a) (West 2020)), and the notice of appeal was timely under Rule 303(a)(1).

¶ 14     Defendants contend, however, that plaintiff's motion did not extend the time to file an appeal. They observe that, to extend the time to appeal, a postjudgment motion must request one or more of the forms of relief specified in section 2-1203(a). *Beck v. Stepp*, 144 Ill. 2d 232, 240

(1991). These include "a rehearing, or a retrial, or a modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2020)). "[O]ther relief" is "limited to requests that are similar in nature to the relief specified in section 2-1203." *Beck*, 144 Ill. 2d at 241. Defendants argue that plaintiff's motion did not request any of the forms of relief specified in section 2-1203 but only for leave to amend his complaint.

¶ 15    The motion was titled a "Motion to Reconsider" the final judgment. The body of the motion did not allege either that the trial court erred in dismissing the second amended complaint without prejudice or that the court abused its discretion in granting defendants' motion to convert the dismissal to one with prejudice. Instead, the motion sought relief based on facts (or alleged facts) that plaintiff had never disclosed to the court until he filed the "Motion to Reconsider."

¶ 16    We turn to the case law. Two opinions are of particular importance. In the first, *Andersen v. Resource Economics Corp.*, 133 Ill. 2d 342 (1990), the plaintiff's second amended complaint was dismissed for failure to state a cause of action. The plaintiff filed a timely notice of appeal and, later the same day, moved for leave to file a third amended complaint, alleging that he intended to plead new allegations based on newly discovered facts. *Id.* at 344. Later, the plaintiff moved to dismiss his notice of appeal, claiming that his motion to file a third amended complaint was " 'in the nature of a post-trial Motion.' " *Id.* The trial court dismissed the appeal, but later it held that the litigation was ended because the motion to file a third amended complaint was not a valid postjudgment motion that could extend the time to file an appeal. *Id.* at 344-45. The appellate court held otherwise and remanded the cause. *Andersen*, v. Resource Economics Group, 177 Ill. App. 3d 358, 364 (1988).

¶ 17    The supreme court reversed the appellate court and ordered the cause dismissed. *Andersen*, 133 Ill. 2d at 349. The court reasoned that the motion for leave to file a third amended complaint

did not request modification or vacatur of the judgment and did not "offer[ ] *any* points warranting such." (Emphasis in original.) *Id.* at 347. Moreover, the motion was "nothing more than a title and an ambiguous prayer for relief with absolutely no substance in between." *Id.* The motion did not "question[ ] the propriety of the order dismissing [the] second amended complaint." *Id.* at 348. It stated only that new allegations would cure the defects in the second amended complaint. *Id.* Finally, the plaintiff did not incorporate any of these new allegations into the motion. *Id.*

¶ 18    In the second case, *Muirfield Village-Vernon Hills, LLC v. Reinke, Jr. & Co.*, 349 Ill. App. 3d 178 (2004), the trial court dismissed the plaintiffs' third amended complaint with prejudice and denied the plaintiffs' oral motion to file a fourth amended complaint. *Id.* at 183. Thirty days later, the plaintiffs filed a motion to reinstate their cause of action and for leave to file a fourth amended complaint. The motion attached a copy of the fourth amended complaint. One of the defendants contended that the plaintiffs had not filed a proper postjudgment motion that would have extended the time to appeal. A month later, the trial court denied the plaintiffs' motion, and 30 days later, the plaintiffs filed a notice of appeal. *Id.*

¶ 19    On appeal, we had to decide whether the plaintiffs' motion to reinstate the cause and for leave to file a fourth amended complaint was sufficient under section 2-1203(a) to extend the time to file a notice of appeal from the original judgment. We noted that the motion "substantively [sought] only leave to file an amended pleading, yet request[ed] the relief that the matter be reinstated following a dismissal with prejudice." *Id.* at 185. We held that the motion was "sufficiently directed against the judgment" to come within section 2-1203(a). *Id.*

¶ 20    We noted that *Andersen* held a motion insufficient that merely requested leave to amend a pleading. *Id.* Here, however, we observed that, in addition to a similar request, the plaintiffs' motion had also "specifically request[ed] that the trial court reinstate their cause of action." *Id.*

This latter request was tantamount to one "to modify or vacate the trial court's judgment of dismissal with prejudice, so as to allow the cause to continue." *Id.*

¶ 21   Although this case falls between *Andersen* and *Muirfield*, we believe it is closer to the latter.  Plaintiff's motion barely sufficed under section 2-1203(a).  It requested that the trial court "reconsider" the judgment dismissing the second amended complaint with prejudice, even though it did not attack the substantive merits of the original dismissal without prejudice.  To "reconsider" a judgment is, in standard judicial parlance, to reverse, vacate, or modify it.  We do not see a meaningful difference between this case and *Muirfield* for jurisdictional purposes.  Therefore, we deny defendants' motion to dismiss the appeal.

¶ 22   We turn to the merits.  In his *pro se* brief, plaintiff argues cursorily that the trial court erred in (1) dismissing his second amended complaint, as it stated all the elements of a cause of action for malicious prosecution; and (2) in denying his motion to reconsider the order dismissing the second amended complaint with prejudice.

¶ 23   We hold first that the trial court did not err in dismissing the second amended complaint. We review *de novo* a section 2-615 dismissal.  *Schiller v. Mitchell*, 357 Ill. App. 3d 435, 438 (2005).  To survive a motion to dismiss, the plaintiff must allege sufficient facts to state all the elements of the asserted cause of action.  *Id.*

¶ 24   Plaintiff's second amended complaint failed to allege sufficient facts to state all the elements of a cause of action for malicious prosecution.  These are (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant, (2) the termination of the proceeding in favor of the plaintiff, (3) the absence of probable cause for the proceeding, (4) malice, and (5) damages.  *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996).

¶ 25 The second amended complaint failed to satisfy the second element—the termination of the criminal proceeding in plaintiff's favor. *Swick* squarely holds that, if the termination of the proceeding was by *nolle prosequi*, the plaintiff must plead and prove that the prosecutor's abandonment of the cause was for reasons indicative of the innocence of the accused. *Id.* at 513. *Swick*'s holding excludes, among other things, the impossibility or impracticability of bringing the accused to trial. *Id.* Here, the second amended complaint alleged no facts from which we can infer that the State dismissed criminal proceedings for reasons indicative of plaintiff's innocence. Indeed, it alleged to the contrary (as did the two prior complaints), stating that the State dismissed the traffic citations "because Former Dekalb [*sic*] County Sheriff's Deputy Toby Jennings is Deceased [*sic*]." Thus, the trial court's dismissal of the second amended complaint was proper and we must affirm.

¶ 26 We turn to plaintiff's second argument on appeal. He contends, with minimal argument or citation to authority, that the trial court abused its discretion in denying his motion to reconsider the dismissal with prejudice of the second amended complaint and to allow the filing of a third amended complaint. We review this issue for an abuse of discretion. See *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). In deciding a motion to allow a plaintiff to replead after a dismissal with prejudice, the trial court must consider (1) whether the proposed amendment would cure the defective pleading, (2) whether other parties would sustain prejudice or surprise from the proposed amendment, (3) whether the proposed amendment is timely, and (4) whether previous opportunities to amend the complaint could be identified. *Id.*

¶ 27 We cannot conclude that the trial court abused its discretion in denying plaintiff's motion. Indeed, it is difficult to envision a more clear-cut example of when it is proper to refuse a plaintiff

yet another chance to plead a cause of action. All four *Loyola Academy* factors support the trial court's decision.

¶ 28 The first factor alone is decisive. There was no proposed amendment, so the trial court could not conclude that it would cure the defective pleading. More important, because plaintiff repeatedly pleaded facts that negated an element of his cause of action, the court could properly conclude that any proposed amendment would be futile. As to the second factor, defendants had already spent two years defending a case that was still in the pleading stage and was based on eight-year-old events. As to the third factor, plaintiff attached no proposed amended complaint to the motion, which in any event he filed beyond the court's final deadline of May 18, 2021. Last, plaintiff had been allowed to file first and second amended complaints, and the court had been generous in allowing time extensions.

¶ 29 The trial court did not abuse its discretion in denying plaintiff yet another opportunity to pursue a legally baseless crusade. Therefore, we reject his second claim of error.

¶ 30                                    III. CONCLUSION

¶ 31 For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 32 Affirmed.