EAST SIDE FIRE PROTECTION DISTRICT *et al.*, Plaintiffs-Appellants,
v. THE CITY OF BELLEVILLE, Defendant-Appellee.

Fifth District   No. 5—90—0844

Opinion filed December 6, 1991.

Melroy B. Hutnick, of Belleville, for appellants.

Robert J. Sprague, of Sprague & Sprague, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:
Plaintiff East Side Fire Protection District appeals from the judgment of the circuit court of St. Clair County dismissing count II of its "Second Amended Complaint/Petition" in which it requested that the annexation by defendant City of Belleville of certain land previously within the district be declared "unlawful and improper." Plaintiff also appeals the circuit court's grant of defendant's motion for summary judgment as to count I of plaintiff's second amended complaint/petition. We affirm.

In December 1988, defendant annexed approximately 44 acres of land located in St. Clair County, Illinois. Prior to the annexation, the subject land had been provided with fire service by plaintiff. Plaintiff originally filed its lawsuit challenging the annexation on February 10, 1989. On November 6, 1989, plaintiff filed its second amended complaint/petition consisting of two counts. In count I, plaintiff alleged that the annexation would impair its ability to serve the remainder of its territory under section 20 of the Fire Protection District Act (the Act) (Ill. Rev. Stat. 1989, ch. 127½, par. 38.3). In count II, plaintiff requested a declaratory judgment that the annexation was unlawful and improper, alleging that the annexation was part of a "master plan on the part of defendant intended to aggressively annex all of the land within the boundaries of the East Side Fire Protection District; and further, the purpose of this plan is not to improve or provide fire service to this area and its citizens, but rather *** to seize land so it can be held for the future use of defendant."

■■ Plaintiff argues that the trial court erred in granting defendant's motion to dismiss count II, which alleged that declaratory judgment was not a proper cause of action to contest an annexation. However, it is clear that *quo warranto* is the only proper remedy for questioning the validity of an annexation that has been accomplished, and that a declaratory judgment action is not a concurrent remedy. *Edgewood Park No. 2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, 245, 246

N.E.2d 294, 297; *Schallau v. City of Northlake* (1979), 82 Ill. App. 3d 456, 462, 403 N.E.2d 266, 271; see also *North Maine Fire Protection District v. Village of Niles* (1977), 53 Ill. App. 3d 389, 394, 368 N.E.2d 516, 520 (question whether parcels have been legally annexed can only be tried by *quo warranto* proceedings and cannot be raised collaterally).

Here, although plaintiff filed a petition for leave to file complaint for *quo warranto*, defendant's motion to dismiss this petition was granted and plaintiff has not appealed this ruling. Regardless, it has been held that loss of revenue caused by a city's annexation of property within a fire protection district was not sufficient to establish a private interest in the district, and thus the district lacked standing to apply directly for a writ of *quo warranto* where, as here, the Attorney General and State's Attorney declined to do so. (*People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill. App. 3d 112, 412 N.E.2d 718.) Thus, plaintiff also has no remedy by way of *quo warranto*.

■ Section 20 of the Act is a special section passed by the legislature to provide a remedy for fire protection districts protesting annexations. (*Freeport*, 90 Ill. App. 3d at 114, 412 N.E.2d at 720.) Section 20 reads, in pertinent part, as follows:

"Any territory within a fire protection district that is or has been annexed to a city, village or incorporated town that provides fire protection for property within such city, village or incorporated town is, by operation of law, disconnected from the fire protection district as of the January first after such territory is annexed to the city, village or incorporated town \*\*\*. Such disconnection by operation of law does not occur if, within 60 days after such annexation \*\*\*, the fire protection district files with the appropriate court \*\*\* a petition alleging that such disconnection will cause the territory remaining in the district to be noncontiguous or that the loss of assessed valuation by reason of such disconnection will impair the ability of the district to render fully adequate fire protection service to the territory remaining with the district. When such a petition is filed, \*\*\* the court shall set it for hearing \*\*\*. At such hearing, the district has the burden of proving the truth of the allegations in its petition." Ill. Rev. Stat. 1989, ch. 127½, par. 38.3.

■ However, the legislature, in providing this relief for fire protection districts, clearly intended to limit the remedy against disconnections to the grounds stated in the Act. (*Freeport*, 90 Ill. App.

3d at 114, 412 N.E.2d at 720.) Thus, plaintiff's claim in count II that this annexation is part of defendant's "master plan" to annex all the property within the district is also not properly raised under section 20. (See *Winfield Fire Protection District v. City of Wheaton* (1975), 29 Ill. App. 3d 630, 637, 332 N.E.2d 43, 49 (fire protection district may not properly argue that there will be future annexations which will result in disconnection that may impair its ability to provide adequate protection).) Therefore, it was not error for the circuit court to dismiss count II of plaintiff's second amended complaint/petition where it failed to state a cause of action under any theory.

Plaintiff next contends that the circuit court erred in granting summary judgment for defendant on plaintiff's remaining count, which alleged "loss of assessed valuation" under section 20 of the Act. (Ill. Rev. Stat. 1989, ch. 127½, par. 38.3.) Plaintiff argues that summary judgment was inappropriate where its response to defendant's motion for summary judgment "made it clear [that] genuine issues of material fact existed."

The sole function of the court reviewing the circuit court's entry of summary judgment under section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) is to determine whether the lower court correctly ruled that no genuine issue of material fact had been raised and, if none was raised, whether judgment was correctly entered as a matter of law. (*Blankenship v. Dialist International Corp.* (1991), 209 Ill. App. 3d 920, 923, 568 N.E.2d 503, 505.) In ruling on a summary judgment motion, the circuit court is required to construe the pleadings, affidavits, depositions and admissions on file strictly against the moving party and liberally in favor of the opponent. If any facts upon which reasonable persons may disagree are identified, or inferences may be fairly drawn from those facts leading to different conclusions, the motion must be denied and the resolution of those facts and inferences must be made at trial. 209 Ill. App. 3d at 924, 568 N.E.2d at 505-06.

However, where a party moving for summary judgment files supporting affidavits containing well-pleaded facts and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted. If the opponent fails to controvert the proofs offered in support of the motion and the movant's showing of uncontradicted facts would entitle him to judgment as a matter of law, then summary judgment is proper. *Blankenship*, 209 Ill. App. 3d at 924, 568 N.E.2d at 506.

■ In the case at bar, defendant filed a motion for summary judgment and supported it by affidavits showing that: (1) the equalized assessed valuation for plaintiff East Side Fire Protection District was $91,774,057; (2) the assessed valuation for the property annexed was $6,219; (3) the maximum tax rate for the district was .2000 and the rate being levied by plaintiff was .1199. Defendant's motion for summary judgment alleged that, using these figures, the tax on the property annexed amounted to $74.81 and that the district could raise another $73,511 if it raised its tax to the maximum rate. Plaintiff filed no counteraffidavits, and its response to defendant's motion for summary judgment merely alleged, without providing facts, that the district would be adversely affected because "[t]he loss of this land to the defendant could well result in the loss of fire fighters available to the District; there will be a substantial loss of revenue; and there will be a defacto [sic] tax increase by virtue of the fact that there will be fewer people to pay the taxes for the new firehouse."

It is clear that the legislature did not intend to preclude disconnection of territory from a fire protection district because the loss in revenue would impair the required standard of fire protection, when the district is not levying at the maximum tax rate. (*In re Roberts Park Fire Protection District* (1975), 61 Ill. 2d 429, 438, 337 N.E.2d 8, 13.) "The legislature was aware that the financial loss resulting from a disconnection might necessitate a tax increase, and it certainly was not its intent to defeat a disconnection in order to avoid a tax increase." 61 Ill. 2d at 438, 337 N.E.2d at 13.

Here, plaintiff failed to controvert defendant's assertion that the district could produce an additional $73,511 in taxes if it levied at the maximum tax rate and that the monetary loss to the district from the 44 acres annexed was only $74.81. Given these uncontradicted evidentiary facts, plaintiff was obligated to identify any remaining issue of material fact in order to withstand summary judgment, and plaintiff could not rely upon its pleadings or response to the summary judgment motion alone to do so. See *In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 770-71, 458 N.E.2d 1065, 1068.

Although a plaintiff is not required to prove his case on a defendant's motion for summary judgment, he must provide a factual basis arguably entitling him to judgment. The determination that summary judgment is appropriate will not be reversed absent an abuse of the circuit court's discretion such that the plaintiff's right to fundamental justice is violated. (*Byong K. Choi v. Common-*

*wealth Edison Co.* (1991), 217 Ill. App. 3d 952, 956, 578 N.E.2d 33, 37.) We cannot say, under the posture of this case, that the circuit court's grant of summary judgment for defendant was inappropriate.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and LEWIS, JJ., concur.