SECOND DIVISION June 25, 2002

No. 1-01-0849

MARGARET and LOREN VANDERPLOW,

Plaintiffs-Appellants,

v.

JERRY and STACY KRYCH,

Defendants-Appellees.  

)))

)

)))

))

Appeal from the Circuit Court of Cook County

00 M1 124189

Honorable

Donald J. Suriano, Judge Presiding

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiffs Margaret and Loren Vanderplow filed a five-count first amended complaint in the circuit court of Cook County against their former landlords, defendants Stacy and Jerry Krych, alleging  breach of contract and violations of the Chicago Residential Landlord and Tenant Ordinance (Chicago Municipal Code § 5-12-080(c) (amended November 6, 1991) (RLTO)).  Following a bench trial, the trial court entered judgment for plaintiffs on count V only.  Plaintiffs appeal, seeking reversal of the court's judgment on count II.  Defendants cross-appeal, seeking reversal of the court's judgment on count V.

In a motion that was taken with the case, defendants contend that we lack jurisdiction over the appeal and cross-appeal because plaintiffs' "Motion to Amend [the] Pleadings to Conform to the Proof at Trial" (motion to amend) was not directed against the final judgment, and therefore, it did not extend the time for filing a notice of appeal.  Thus, before reaching the merits of the appeal and cross-appeal, we must address whether we have jurisdiction.  
Robertson v. Winnebago County Forest Preserve District
, 301 Ill. App. 3d 520, 522, 703 N.E.2d 606 (1998).

Pursuant to Supreme Court Rule 303(a)(1), a notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or if a timely postjudgment motion directed at the final judgment has been filed, within 30 days after entry of the order disposing of the last pending postjudgment motion.  155 Ill. 2d R. 303(a)(2).  The judgment appealed from in the instant case was entered on October 26, 2000.  On November 17, 2000, plaintiffs filed the motion to amend.  On November 22, 2000, the trial court granted plaintiffs' motion for an extension of time to file any post-trial motions until December 21, 2000.  However, plaintiffs' motion for reconsideration was not filed in the office of the clerk of the circuit court of Cook County until December 26, 2000.  The motion to amend was denied on January 29, 2001; the trial court also found it did not have jurisdiction to consider plaintiffs' untimely motion for reconsideration.  Plaintiffs filed their notice of appeal on February 28, 2001, more than 30 days after the judgment was entered but within 30 days of the denial of the motion to amend.  Defendants filed their notice of cross-appeal on March 12, 2001.

To qualify as a postjudgment motion, the motion must request at least one of the forms of relief specified in section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 1998)), it must specify the grounds that would warrant granting the relief requested, and it must be filed with the clerk.  
Robertson
, 301 Ill. App. 3d at 523.  Section 2-1203 provides that in cases tried without a jury, any party may, within 30 days after entry of judgment, file a motion for rehearing, retrial, modification or vacation of the judgment, or "for other relief."  735 ILCS 5/2-1203(a) (West 1998).  The "other relief" referred to in section 2-1203 must be similar in nature to the other forms of relief specified in that section.  
Brock v. Police Board
, 205 Ill. App. 3d 1035, 1040, 563 N.E.2d 970 (1990).

Section 2-616(c) of the Code of Civil Procedure provides:  "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just."  735 ILCS 5/2-616(c) (West 1998).  Although a motion to amend a complaint to conform with the proofs at trial pursuant to section 2-616(c) of the Code of Civil Procedure may be filed at any time, it is not similar in nature to the "other relief" referred to in section 2-1203, and is not a motion directed against the judgment.  
Brock
, 205 Ill. App. 3d at 1040 (motion to amend petition for administrative review to conform to briefs and arguments of parties was not a motion directed against judgment); 
Andersen v. Resource Economics Corp.
, 133 Ill. 2d 342, 347, 549 N.E.2d 1262 (1990) (motion for leave to amend complaint is not a motion directed against judgment within meaning of Rule 303(a)(1) or encompassed within relief provided for by section 2-1203)
.  Accordingly, such a motion does not extend the time for filing a notice of appeal.  
Andersen
, 133 Ill. 2d at 347.  See also 
Berg v. Allied Security, Inc.
, 193 Ill. 2d 186, 189, 737 N.E.2d 160 (2000).

In light of this authority, plaintiffs' claim that the motion to amend was a valid postjudgment motion within the meaning of section 2-1203 is unpersuasive.  However, citing some of these same cases, plaintiffs ask us to consider the content of their motion to amend, because "the nature of a motion is determined by its substance rather than its caption" (
Robertson
, 301 Ill. App. 3d at 523), and a court should not "blindly adhere to nomenclature at the expense of reality" in deciding whether a motion really is a section 2-1203 motion (
Andersen
, 133 Ill. 2d at 347).  Plaintiffs contend that in substance their motion "was in the nature of a motion for reconsideration or rehearing, and thus was one of the specifically enumerated post-trial motions in [section 2-1203], whose filing tolls the running of the 30 day period for the filing of a notice of appeal."  In the alternative, plaintiffs argue that the substance of the motion asserted a "claim" within the meaning of Supreme Court Rule 304(a), analogous to a claim for attorney fees, and therefore it extended the time to appeal.

In order to resolve these contentions, we set out additional facts from the record on appeal.  Plaintiffs entered into a one-year lease with defendants from October 1, 1999 to September 30, 2000, for a Chicago apartment which was subject to the RLTO.  In the first amended complaint referenced above, plaintiffs alleged that they vacated the premises on or about April 30, 2000 because the apartment was in disrepair.  They further alleged that "on or about June 19, 2000 [defendants deducted $970 from the $1,750 security deposit and mailed plaintiffs a refund of] $785.84 along with an explanat[ory] letter dated May 22, 2000 and [a] painting bill."

In count I of the first amended complaint, plaintiffs alleged that defendants had violated sections 5-12-120, 5-12-140(a), and 5-12-140(b) of the RLTO, by including a $1,150 reletting charge in the contract, which discouraged plaintiffs from terminating their tenancy.

In count II, plaintiffs alleged that defendants had violated section 5-12-080 of the RLTO in two ways: (1) by failing to keep the security deposit in a different account from that used for the rent collected, and (2) by not returning the security deposit by June 15, 2000. 

In count III, plaintiffs alleged that defendants had "failed to repair anything" within 14 days of plaintiffs' requests to do so, which diminished the apartment's fair market value to $575 per month, while defendants collected the full rent, $1,150 per month, between October 1, 1999 through April 30, 2000.

In count IV, plaintiffs alleged that defendants had violated section 5-16-100 of the RLTO by failing to disclose the apartment's heating costs prior to execution of the lease.

In count V, plaintiffs alleged that defendants made improper deductions from the security deposit consisting of $275 for patching and repainting interior walls which suffered from mere ordinary wear and tear; $145 for repairing the roof which plaintiffs had patched after removing their own satellite dish; and $550 for rent accruing after plaintiffs had properly terminated the lease and their tenancy.

During the trial proceedings, plaintiffs' attorney asked Jerry Krych whether a summary of the RLTO was attached to the written lease offered to plaintiffs.  Defendants' attorney immediately objected and moved to strike, arguing that the first amended complaint did not contain any allegations with respect to the landlord's obligation to provide the RLTO summary.  Then the following exchange occurred:

"THE COURT: What's the relevance?

[PLAINTIFFS' ATTORNEY]: Well, it's relevant -- first of all, he's right.  We didn't allege that in a separate count ***.

***

*** [B]ut it would show, first of all, the credibility of this witness, number one, and number two is whether he was cognizant about the [RLTO] or not, or whether he really knew the provisions concerning the [RLTO].

[DEFENDANTS' ATTORNEY]: Judge, I think the credibility is clear.  The man [said] he didn't do it.  The plaintiffs never pled it, and they filed interrogatories, they filed a document request, they had opportunity.

THE COURT: I'll sustain the objection."

Later, plaintiffs' attorney asked Jerry Krych whether he had enclosed any documents with the security deposit refund check, and Mr. Krych indicated that he believed he enclosed a "breakdown" of the security deposit, stating interest paid and deductions made, but that he could not recall whether he had also enclosed a copy of a bill.

When Margaret Vanderplow testified, plaintiffs' attorney asked her whether she had received a summary of the RLTO from defendants.  She answered "No"; however, the following exchange occurred:

"[DEFENDANTS' ATTORNEY]:  Same objection as to the summary of the ordinance, relevancy.

[PLAINTIFFS' ATTORNEY]:  It's asked and answered.

THE COURT:  Sustained.

[PLAINTIFFS' ATTORNEY]:  Do you remember how much security deposit you paid?

[MARGARET VANDERPLOW]:  1725.

[PLAINTIFFS' ATTORNEY]:  And you never got a receipt for that security deposit?

[MARGARET VANDERPLOW]:  No.

[DEFENDANTS' ATTORNEY]:  Same objection on this.  There's no allegation in the complaint for any cause of action relating to failure to attach a receipt for [the] security deposit.

I think Count --

THE COURT:  Count II?

[DEFENDANTS' ATTORNEY]:  Count II is the only count addressing the security deposit provisions of the RLTO because it references 5-12-080, and it talks about timely return and not keeping the deposits in a separate account, and that's it.

*** There's no allegation of failure to pay interest or failure to get a receipt or anything else under the RLTO.

[PLAINTIFFS' ATTORNEY]: Well, as the Court knows, a liberal amending of pleadings is allowed to conform to the proof at trial.

And although we did discuss the security deposit in Count II, and the evidence is pretty clear concerning that, we can always ask the Court to amend our pleadings to add that extra item to conform to the proof at trial under the Code of Civil Procedure.

[DEFENDANTS' ATTORNEY]: My understanding is that even so, even with liberal construction, you have to at [least] put something in there that references that.  There's nothing in there.

***

THE COURT:  Is there something in the ordinance requiring them to give a receipt. 

[DEFENDANTS' ATTORNEY]:  There is.  That would be under B, which isn't referenced there.  080-B, I believe is the one that says that *** they shall give a receipt for the deposit, and that's not anywhere in this, either the amended complaint or the original complaint.

***

THE COURT: It's not pled.  I'm going to sustain the objection."

Plaintiffs did not attempt to elicit any further testimony about the RLTO summary or any receipts.  

During closing arguments, plaintiffs summarized the five-count first amended complaint, the portions of the RLTO cited in the first amended complaint, and the related testimony.  Plaintiffs gave no indication that they wished to amend the first amended complaint in any way.  Plaintiffs did not motion to add new counts, and did not refer to any of the parties' arguments or the trial court's rulings as to the relevancy of the stricken testimony.

Upon conclusion of the trial, the trial court entered judgment in favor of defendants on counts I through IV; and in favor of the plaintiffs as to count V in the amount of $825 based on the improper deductions from the security deposit for repainting ($275) and two weeks rent accruing after plaintiffs moved out ($550).

On November 8, 2000, plaintiffs filed their motion to extend the time to file any posttrial motions until December 21, 2000.  As indicated above, this motion was allowed on November 22, 2000.  As also indicated above, plaintiffs filed the motion to amend on November 17, 2000.  The motion to amend stated in relevant part:

"3.  Defendant [Jerry] Krych testified that the ordinance summary was never tendered to the plaintiffs in violation of Section 5-12-070 of the Chicago Residential Landlord and Tenant Ordinance.

4.  Mr. [Jerry] Krych further testified *** no receipts or paid invoices [were] tendered to the plaintiffs for the deductions made against the security deposit.  He further testified that he was not sure if he sent the estimate to plaintiffs in violation of the [state] statute for the return of the security deposits under Section 765 ILCS 710/1.

5.  735 ILCS 6/2-616(c) allows pleadings to be amended after trial to conform to the proofs at trial, and the evidence already produced supports the amendment. [Citations.]

*** 

8.  All the evidence that was admitted into the trial supports the proof needed for the amendment and the two new counts.

WHEREFORE, plaintiff prays to amend the pleadings by adding a Count VI for claims under section 5-12-170 of the [RLTO] and Count VII under 765 ILCS 710/1."

On December 21, 2000, plaintiffs mailed a motion for reconsideration of the judgment to the clerk of the circuit court of Cook County, arguing that plaintiffs' testimony as to the diminished value of the apartment was unrefuted and that defendants' testimony indicated that defendants had violated the RLTO.  Plaintiffs cited supporting authority and concluded with a prayer "for the court to reconsider [the] judgment."

As previously indicated, on January 29, 2001, the trial court denied the motion to amend, finding that granting it would result in prejudice to defendants.  The trial court also found that it did not have jurisdiction over the motion for reconsideration that plaintiffs mailed to the clerk of the circuit court on December 21, 2000, because it was not filed until December 26, 2000.

With these additional facts in mind, we now address plaintiffs' contention that the motion to amend was in substance one of the motions enumerated in section 2-1203 which when filed  tolls the running of the time to file a notice of appeal.  Our examination of the substance of the motion to amend discloses that it was, in fact, a motion for leave to amend the complaint after the entry of judgment.  As previously indicated, a motion for leave to amend does not extend the time for filing a notice of appeal under Supreme Court Rule 303(a)(1).  
Robertson
, 301 Ill. App. 3d at 523.

Furthermore, contrary to plaintiffs' contention, the "proof" the motion relies upon was never admitted.  Although the motion refers to specific testimony regarding the RLTO summary, the motion does not disclose that defendants objected to this testimony and that the trial court sustained the objections.  Additionally, the motion mischaracterizes the nature of other testimony, indicating that Jerry Krych "testified *** no receipts or paid invoices [were] tendered to the plaintiffs for the deductions made against the security deposit," when the record of proceedings indicates that he actually testified that he could not recall whether he had enclosed a copy of a bill with the security deposit refund check.

Because the "proof" was never admitted, the motion was not properly characterized as a section 2-616(c) motion to amend the pleadings to conform to the proof at trial (735 ILCS 5/2-616(c) (West 1998)).  Instead, plaintiffs' request to "amend the pleadings by adding a Count VI for claims under section 5-12-170 of the [RLTO] and Count VII under 765 ILCS 710/1" was clearly a request to add new causes of action that were not asserted in the first amended complaint.  This type of motion is governed by section 2-616(a) of the Code of Civil Procedure (735 ILCS 5/2-616(a) (West 1998)), which provides that new causes of action may be added, "on just and reasonable terms," "any time before final judgment."  Plaintiffs have not cited any section of the Code of Civil Procedure providing for the addition of new causes of action subsequent to judgment.

Additionally, in 
Robertson
, 301 Ill. App. 3d 520, 703 N.E.2d 606, the court emphasized that a valid section 2-1203 motion (735 ILCS 5/2-1203 (West 1998)) not only specifically requests a rehearing, a retrial, a modification or vacation of the judgment, or other similar relief, but also specifies the grounds warranting the relief requested.  See also 
Sho-Deen, Inc. v. Michel
, 263 Ill. App. 3d 288, 292, 635 N.E.2d 1068 (1994) (one-sentence motion seeking reconsideration was an invalid postjudgment motion because it did not provide a factual or legal basis upon which the trial court could reconsider its prior decision); 
Droen v. Wechsler
, 271 Ill. App. 3d 332, 648 N.E.2d 981 (1995) (motion which asked trial court to reconsider order dismissing plaintiff's case without leave to file amended complaint, expressed desire to file amended complaint sounding in equity, and cited supporting authority was sufficiently specific to constitute a valid postjudgment motion).  The motion to amend did not ask the trial court to reconsider or vacate any of its trial rulings or the judgment entered at the conclusion of the trial, nor did it offer any argument warranting such relief.  In fact, in the motion to amend, plaintiffs failed to acknowledge that the trial court sustained defendants' objections to the trial testimony quoted above.  Thus, the substance of the motion to amend was not seeking modification or vacation of any of the trial court's rulings, and it cannot be construed as a valid section 2-1203 motion.  We also point out that in contrast to the motion to amend, in their untimely motion for reconsideration, plaintiffs referred to trial testimony, cited supporting authority, and asked "the court to  reconsider [the] judgment."

Plaintiffs also argue that the motion should be construed as a section 2-1203 motion because it implicitly requested reconsideration of the judgment, otherwise, the motion "would have served no purpose."  However, the preceding authority clearly indicates that a proper section 2-1203 motion specifically seeks at least one of the forms of relief set out in section 2-1203 and specifies the grounds warranting the relief requested.  See, 
e.g
. 
Robertson
, 301 Ill. App. 3d 520.  Furthermore, our supreme court has rejected the argument that every motion for leave to file an amended complaint after the entry of summary judgment implicitly includes a request to vacate the entry of summary judgment.  
Berg
,
 
193 Ill. 2d at 190.  Accordingly, we reject plaintiffs' contention that their motion implicitly triggered section 2-1203.

In the alternative, plaintiffs attempt to analogize the motion to amend to the motion for attorney fees filed in 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 563 N.E.2d 459 (1990).  In that case, the trial court denied plaintiffs' claim for injunctive relief and entered judgment for the defendant.  Within 30 days of this decision, defendant filed a motion for attorney fees as a sanction, and on the same day, plaintiffs filed a notice of appeal of the judgment.  The court held that defendant's request for attorney fees as a sanction was properly considered part of the underlying cause of action and that, until defendant's claim was resolved, plaintiff's appeal was premature.  We conclude that 
Marsh
 has no application to the instant case, because plaintiffs were not attempting to assert ancillary claims at the first opportunity. Rather, plaintiffs were attempting to introduce independent claims which they could have included in the first amended complaint or even original complaint.  Furthermore, plaintiffs have failed to cite any authority construing 
Marsh
 in this way.

In light of the preceding analysis, we conclude that plaintiffs' "Motion for Leave to Amend [the] Pleadings to Conform to the Proof at Trial" was not a valid postjudgment motion within the meaning of section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 1998), and that its filing did not toll the running of the 30 day period for the filing of a notice of appeal (155 Ill. 2d. R. 303(a)(1)).  Accordingly, the notice of appeal was due within 30 days of the October 26, 2000, judgment and was untimely when filed approximately 120 days after judgment, on February 28, 2001.

Appeal dismissed.

BURKE, P.J. and GORDON, J., concur.