First Division
May 1, 2006

No. 1-05-2120

| | | |
|---|---|---|
| SHUTKAS ELECTRIC, INC., | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | 02 L 13241 |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Stuart Nudelman, |
| | ) | Judge Presiding |

JUSTICE McBRIDE delivered the opinion of the court:

In May 2001, plaintiff, Shutkas Electric, Inc., purchased a super duty cargo van manufactured by defendant, Ford Motor Company, for use in its commercial electrical business. Following several mechanical problems, plaintiff filed a complaint against defendant under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (Act) (15 U.S.C. §2301 *et seq.* (2000)) seeking damages for breach of express warranty, breach of implied warranty of merchantability, and revocation of acceptance. Defendant filed a motion for summary judgment on all counts in plaintiff's complaint. On February 24, 2005, the trial court granted defendant's motion for summary judgment, finding that the cargo van was not a consumer product as defined by the Act. Plaintiff filed a motion with the trial court seeking leave to file a second amended complaint, which the court denied on June 3, 2005.

Plaintiff appeals, arguing that (1) this court should dismiss the instant appeal as premature; (2) the trial court erred in granting defendant's motion for summary judgment because genuine issue of material fact exists as to whether the cargo van is a consumer product; and (3) the trial court abused its discretion when it denied plaintiff

leave to file a second amended complaint.

Nick Shutkas is the president and sole shareholder of plaintiff. In May 2001, plaintiff, through Shutkas, purchased a 2001 Ford 760A Commercial Series E350 super duty cargo van (cargo van) for $25,043.41 from Heller Ford Mercury Sales (Heller), an authorized Ford dealership. In its amended complaint, plaintiff stated it purchased the cargo van for use in its electrical contracting business. The cargo van purchased by plaintiff had two seats, no carpeting in the back, no rear seat, and an empty van compartment that could be fitted with gang boxes and shelving. Plaintiff purchased the cargo van "specifically for business purposes, since being an electrician necessitated a van with adequate space to carry his tools and equipment." Shutkas installed a tool gang box, metal shelving for electrical parts, a pipe rack, a rear floor guard, and a wood shelving unit in the cargo van.

Plaintiff purchased the cargo van with a Ford 3-year/36,000-mile written warranty. Shortly after the purchase, plaintiff began to experience problems with the engine hesitating and emitting a strong exhaust smell, the side doors not closing properly, and the alignment pulling right. Also, thick smoke would pour from the engine. Plaintiff took the cargo van to Highland Park Ford for repairs in June 2001. Highland Park Ford repaired the doors and worked on the engine problems. However, plaintiff alleged that it continued to experience these engine problems as well as problems with the paint. In May 2002, plaintiff attempted to revoke its acceptance of the cargo van.

In October 2002, plaintiff filed a three-count complaint against defendant; alleging (1) breach of express warranty, (2) breach of implied warranty of merchantability, and

(3) revocation of acceptance.  Plaintiff sought revocation of the purchase as well as compensatory damages and attorney fees.  Defendant filed a motion to dismiss, and in the alternative, for summary judgment.  In March 2003, the trial court granted defendant's motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2002)), and gave plaintiff leave to file an amended complaint with the written warranty attached.  In April 2003, plaintiff filed its amended complaint, which raised the same three counts and sought the same relief as the original complaint.  All three counts seek relief under the Act

In August 2004, defendant filed its renewed motion for summary judgment, arguing that the cargo van was not a consumer product under the Act, and therefore, plaintiff was not entitled to any relief under the Act.  On February 24, 2005, the trial court granted summary judgment in favor of defendant and specifically found that the cargo van does not qualify as a consumer product under the Act.

On March 28, 2005, plaintiff filed a motion entitled a "Motion to Modify" the February 24, 2005 order, but the body of the motion sought leave to file a second amended complaint.  On June 3, 2005, the trial court denied plaintiff's motion, and on June 23, 2005, plaintiff filed its notice of appeal.

Initially, we must determine whether we have jurisdiction to entertain this appeal.  In its jurisdictional statement, plaintiff asserts that we should dismiss the instant appeal as premature because the orders of February 24, 2005, and June 3, 2005, did not contain a finding under Supreme Court Rule 304(a) that there is no just reason to delay the appeal.  155 Ill. 2d R. 304(a).  Plaintiff claims that the trial court's summary

3

judgment order did not dispose of all issues before the trial court, and therefore, this court does not have jurisdiction for this appeal. Plaintiff relies on the trial court's language in the order to support her argument. The trial court stated:

> "Ford's renewed motion for summary judgment is granted based on the Court's assessment that the subject vehicle does not qualify as a consumer product under the standards of the Magnuson-Moss Warranty Act."

Plaintiff contends that this finding only disposed of her claims under the Act, but left her state law claims for breach of implied warranty of merchantability and revocation of acceptance intact.

We disagree with plaintiff's contention that the summary judgment order of February 24, 2005, was not a final order. All three of plaintiff's counts relied, at least in some part, on the Act. However, defendant's motion sought summary judgment on all three counts, and the trial court's order explicitly granted defendant's motion. The court's order did not withhold summary judgment for any of plaintiff's claims. "A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." Big Sky Excavating, Inc. v. Illinois Bell Telephone Co., 217 Ill. 2d 221, 233 (2005). "An order granting summary judgment is a final order." Diggs v. Suburban Medical Center, 191 Ill. App. 3d 828, 836 (1989). Since the trial court's order granted defendant's motion for summary judgment on all counts, the order effectively ended the litigation. The trial court's basis for summary judgment does not change the clear language entering summary

4

judgment.  Therefore, plaintiff's claim that this appeal is premature and cannot be heard without a Rule 304(a) finding must fail.

However, this does not end our consideration as to jurisdiction of this appeal. Defendant contends that this court does not have jurisdiction to consider the portion of the appeal related to the February 24, 2005, summary judgment order because plaintiff failed to file a timely notice of appeal.  Defendant maintains that plaintiff's motion to modify the order was merely a motion for leave to file a second amended complaint and as such is not a postjudgment motion as contemplated by Supreme Court Rule 303 (155 Ill. 2d R. 303) and it did not toll the time for plaintiff to file a notice of appeal.

Supreme Court Rule 303 requires that the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of final judgment, or if a timely posttrial motion directed against the final judgment has been filed, the notice of appeal must be filed within 30 days of the entry of the order disposing of the last postjudgment motion directed against the judgment.  155 Ill. 2d R. 303(a)(1).  Here, plaintiff filed a motion to modify the February 24, 2005, order, but the substance of the motion was not directed at the order.  Rather, the motion sought leave to file a second amended complaint.

A postjudgment motion must include a request for at least one of the forms of relief specified in section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2002)).  Beck v. Stepp, 144 Ill. 2d 232, 240 (1991).  Section 2-1203 provides:

> "In all cases tried without a jury, any party may, within
>
> 30 days after the entry of the judgment or within any further

time the court may allow within the 30 days or any

extensions thereof, file a motion for a rehearing, or a retrial,

or modification of the judgment or to vacate the judgment or

for other relief."  735 ILCS 5/2-1203(a) (West 2002).

"The 'other relief' referred to in section 2-1203 must be similar in nature to the other forms of relief specified in that section."  Vanderplow v. Krych, 332 Ill. App. 3d 51, 53 (2002).  Illinois courts have held that a motion for leave to amend a complaint is not a motion directed at the final judgment within the meaning of Rule 303(a)(1) or encompassed within relief provided for by section 2-1203.  Andersen v. Resource Economics Corp., 133 Ill. 2d 342, 346 (1990); Fultz v. Haugan, 49 Ill. 2d 131, 135-36 (1971); Vanderplow, 332 Ill. App. 3d at 53-54.

In the instant appeal, plaintiff's motion is titled "Motion to Modify Order Entered February 24, 2005 Pursuant to 735 ILCS 5/2-1203."  However, the relief requested in the body of the motion is to add Nick P. Shutkas as a party plaintiff and for leave to file a second amended complaint.  "The nature of a motion is determined by its substance rather than its caption."  J.D. Marshall International, Inc. v. First National Bank of Chicago, 272 Ill. App. 3d 883, 888 (1995).  A proper section 2-1203 motion specifically seeks at least one of the forms of relief set out in section 2-1203, such as, a rehearing, a retrial, a modification or vacation of the judgment, or other similar relief, and specifies the grounds warranting the relief requested.  Vanderplow, 332 Ill. App. 3d at 58-59; see also Robertson v. Winnebago County Forest Preserve District, 301 Ill. App. 3d 520, 523 (1998).  Plaintiff's motion is, for all intents and purposes, a motion for leave to file a

second amended complaint, and for this court to find otherwise "would be to blindly adhere to nomenclature at the expense of reality." Andersen, 133 Ill. 2d at 347.

Accordingly, we find that plaintiff's motion to modify was not a postjudgment motion under section 2-1203 and did not toll the time within which the notice of appeal must be filed. Plaintiff's notice of appeal was filed June 23, 2005, which is significantly past the 30 days allowed under Rule 303. Therefore, we do not have jurisdiction to consider any issues relating to the February 24, 2005, summary judgment order.

Notwithstanding this finding, the notice of appeal was filed within 30 days of the trial court's denial of plaintiff's motion for leave to file a second amended complaint, and this issue is properly before this court. Plaintiff argues that the trial court abused its discretion when it denied plaintiff's motion for leave to file a second amended complaint because the proposed second amended complaint cured any defects under the Act. Whether to grant a motion to amend pleadings rests within the discretion of the trial court, and a reviewing court will not reverse a trial court's decision absent an abuse of that discretion. Lee v. Chicago Transit Authority, 152 Ill. 2d 432, 467 (1992).

Specifically, plaintiff's second amended complaint added Nick P. Shutkas as a plaintiff in addition to his business entity, and Heller as a defendant. The complaint then added the following statement to paragraph four: "Although [Shutkas] caused [Shutkas Electric, Inc.,] to purchase said vehicle for [Shutkas's] use in his business, said vehicle was purchased by [Shutkas] also for his personal and household use." The proposed complaint also raised four additional counts; counts IV through VI raised identical claims as counts I through III, but were brought by Shutkas individually, while count VII alleged

consumer fraud against Heller. Plaintiff contends that these amendments are sufficient to make the cargo van a "consumer product" within the meaning of the Act. Defendant maintains that these amendments do not cure any defects because the cargo van remains the same regardless of what use is alleged.

Pursuant to section 2-1005(g), the trial court shall permit pleadings to be amended upon just and reasonable terms before or after the entry of summary judgment. 735 ILCS 5/2-1005(g) (West 2002). In considering whether the trial court has abused its discretion in denying plaintiff's motion for leave to file a second amended complaint, we look to the following four factors: whether (1) the proposed amendment would cure the defective pleading; (2) other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) the proposed amendment is timely; and (4) previous opportunities to amend the pleading could be identified. Loyola Academy v. S & S Roof Maintenance, Inc., 146 Ill. 2d 263, 273 (1992).

Here, plaintiff's statement in its proposed second amended complaint that the cargo van was purchased for personal and household use is counter to Shutkas' position in his amended complaint as well as his admissions in his sworn interrogatory and deposition testimony, which were attached to defendant's renewed motion for summary judgment. As this court stated in Lajato v. AT&T, Inc., 283 Ill. App. 3d 126, 139 (1996), "even if the complaint were amended to more specifically allege [Shutkas' use of the cargo van for personal and household use], the allegations of the complaint would be superseded by the extrinsic facts already submitted which, as noted, would militate for summary judgment." See also Werckenthein v. Bucher Petrochemical Co.,

8

248 Ill. App. 3d 282 (1993) (where allegations in nonmovant's complaint are contravened by movant's extrinsic submissions in summary judgment proceedings, extrinsic submissions control); East Side Fire Protection District v. City of Belleville, 221 Ill. App. 3d 654 (1991) (nonmovant must controvert proofs offered by movant in support of motion for summary judgment and cannot merely rest on pleadings).  Plaintiff fails to acknowledge this contradiction and does not cite any authority where previous sworn statements can be superseded by a later pleading.

When considering whether the plaintiff's proposed amendment would cure the deficiency, the Lajato court reasoned that this question was irrelevant since the defendant "succeeded in its motion for summary judgment, not because plaintiff's complaint was improperly pleaded, but because the evidence presented at summary judgment shows no genuine issue of material fact regarding the allegations in the complaint."  Lajato, 283 Ill. App. 3d at 140.

Here, the trial court determined that summary judgment was proper because it concluded that the cargo van did not qualify as a consumer product under the Act. Plaintiff believes that the mere statement that the cargo van was used for personal and household use will make it a consumer product.  We disagree with plaintiff's conclusion.  Aside from plaintiff's conclusory statement, which we note is unsupported by any specific facts, in the second amended complaint, the record indicates that the cargo van was purchased for business purposes.  In considering defendant's summary judgment motion, the trial court was apprised of plaintiff's admissions that the cargo van was purchased for business purposes.  Plaintiff's second amended complaint cannot

9

overcome the sworn statements in the record. The trial court was within its discretion to deny plaintiff leave to file a second amended complaint that contradicted the entire record, including sworn deposition statements and interrogatories. Therefore, we do not find that the trial court abused its discretion in denying plaintiff's motion.

Based on the foregoing reasons, we dismiss the portion of plaintiff's appeal relating to the February 24, 2005, order for lack of jurisdiction and affirm the June 3, 2005, decision of the circuit court of Cook County.

Appeal dismissed in part; affirmed in part.

CAHILL, P.J. and BURKE, J., concur.