# Illinois Official Reports

## Appellate Court

---

### *In re Commitment of Simons*, 2015 IL App (5th) 140566

---

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF STEPHEN SIMONS (The People of the State of Illinois, Petitioner-Appellee, v. Stephen Simons, Respondent-Appellant). |
| District & No. | Fifth District<br>Docket No. 5-14-0566 |
| Rule 23 order filed Motion to | October 28, 2015 |
| publish granted | December 1, 2015 |
| Opinion filed | December 1, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 01-MR-74; the Hon. Neil T. Schroeder, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Curtis L. Blood, of Collinsville, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, Michael M. Glick and Gopi Kashyap, Assistant Attorneys General, of counsel), for the People. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. Justices Goldenhersh and Chapman concurred in the judgment and opinion. |

# OPINION

¶ 1    The respondent, Stephen Simons, a sexually violent person (SVP) committed to the Department of Human Services (DHS), appeals the decision of the circuit court of Madison County dismissing his petition for discharge and motion to appoint an expert. For the following reasons, we affirm.

¶ 2    After being adjudged an SVP, the respondent was committed to the DHS for care and treatment in a secure facility. *In re Commitment of Simons*, 213 Ill. 2d 523 (2004). The respondent has a lengthy history of committing sexually violent offenses against children, which includes aggravated criminal sexual abuse of a child under 13; aggravated criminal sexual assault of a child under 13; and criminal sexual assault of his 13-year-old stepdaughter. *Id*. at 525. Based on a review of the respondent's record, it appears that since the respondent's commitment, he has largely refused to participate in annual reexamination reviews, has declined interviews with DHS personnel, and has failed to participate in sex offender treatment.

¶ 3    On February 28, 2014, the respondent met briefly with DHS evaluator Dr. David Suire. The respondent was provided four forms, which included information related to SVP commitment, a consent form for reexamination, a notice of his right to petition for discharge, and a petition for discharge waiver. During this interaction, the respondent discussed briefly his current activities and present-day health status, but refused to consent to a formal interview, did not file a petition for discharge, and did not waive his right to petition for discharge at that time. Without a formal examination, Dr. Suire relied on past reexaminations to determine whether the respondent remained an SVP. The record reveals that after Dr. Suire considered the respondent's history, present mental disorders, risk factors, age, and treatment participation, he concluded that the respondent had failed to participate in sex offender specific treatment over the past year. Further, Dr. Suire's annual report, filed with the court on June 4, 2014, concluded that although the respondent's age, at the time 62, could indicate some reduction in estimated risk, it was substantially probable that he would engage in acts of sexual violence if not confined to a secure facility. Thus, the respondent's condition had not "so changed" since the last reexamination, such that he was no longer an SVP.

¶ 4    On June 4, 2014, the State filed a motion for a finding that there was no probable cause to believe the respondent's SVP status had changed. The circuit court set the motion for hearing for July 17, 2014.

¶ 5    Pursuant to section 65(b)(1) of the Sexually Violent Persons Commitment Act (725 ILCS 207/65(b)(1) (West 2014)), if a person does not file a petition for discharge, yet fails to waive the right to petition, then the probable cause hearing consists only of a review of the reexamination reports and arguments on behalf of the parties. Here, the respondent did not file a petition for discharge and failed to waive his right to petition at the time of reexamination on February 28, 2014, thus, the circuit court was required only to review past reexamination reports, as well as arguments on behalf of the parties at the hearing on July 17, 2014. Following the hearing, the court concluded that no probable cause existed to warrant an evidentiary hearing to determine whether the respondent remained an SVP, pursuant to section 65(b)(2) of the Sexually Violent Persons Commitment Act (725 ILCS 207/65(b)(2) (West 2014)). The respondent was ordered to remain subject to institutional care in a secure facility.

¶ 6 On July 31, 2014, 14 days after the circuit court's July 17, 2014, order, the respondent simultaneously filed two motions, first, a petition for discharge, and second, a motion for the appointment of Dr. Craig Rypma, an expert, for reexamination purposes. The respondent's petition was titled "Petition for Discharge" and stated, in relevant part:

"Respondent *** prays *** that [he] be DISCHARGED from DHS, as he no longer is a sexually violent person. The petitioner would base his request for DISCHARGE on his progress while at the DHS facility, his lack of sexual drive, his age, his no longer being a SVP, and any and all additional factors this court may consider, including his no longer being a danger to society; and he further would request [appointment of] an expert to examine him and make a report to this court regarding his request for conditional release; and upon the State[']s petition for finding no probable cause; as[k] our expert to examine the Respondent for all matter herein one Dr. Craig Rypma ***."

¶ 7 On August 6, 2014, the circuit court entered orders setting the petition for discharge for hearing on September 25, 2014, as well as appointing Dr. Rypma as a reexamination expert for the respondent.

¶ 8 On August 25, 2014, the State moved to dismiss the respondent's petition for discharge and vacate the circuit court's August 6, 2014, order appointing Dr. Rypma. The State argued that the respondent's petition for discharge, filed July 31, 2014, was untimely and improper, as it was filed 14 days after the July 17, 2014, no probable cause hearing; that appointment of an expert was unwarranted; and that the respondent remained an SVP based on past reexamination reports, which Dr. Suire relied on in forming his conclusions within his 2014 report.

¶ 9 On September 25, 2014, the circuit court heard arguments on the State's motion to vacate and dismiss the petition for discharge. The State argued that the respondent's filing of the petition for discharge was "essentially asking the Court to say that since the most recent periodic examination that the Respondent has changed such that he's no longer [an] SVP." The State argued that since his commitment in 2002, the respondent had been diagnosed with pedophilic disorder, a lifelong disorder, and that the filing was improper, as the court had found him to be an SVP on July 17, 2014, just two weeks before his petition for discharge was filed with the court.

¶ 10 Counsel for the respondent argued that he was "under the impression [he] could file a petition for discharge" after the no probable cause hearing. Further, counsel stated, "I would perhaps say it's oversight on my part thinking that I could continue in the past tradition I had done in the 16 years of filing these petitions whenever my client required me or asked me to do it ***."

¶ 11 On October 14, 2014, the circuit court vacated its order appointing Dr. Rypma, and dismissed the respondent's petition for discharge as untimely, as he failed to file prior to the July 17, 2014, no probable cause hearing. The respondent timely filed an appeal on November 10, 2014.

¶ 12 The issue before this court is whether the circuit court properly dismissed the respondent's petition for discharge and motion appointing an expert. Because resolution of this issue involves statutory construction, our review is *de novo. Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29.

¶ 13    The Sexually Violent Persons Commitment Act (Act) authorizes the civil commitment of persons deemed sexually violent. 725 ILCS 207/1 *et seq.* (West 2012). The Act allows the State to petition the court for the civil commitment of SVPs after the court conducts a hearing "to determine whether there is probable cause to believe that the person *** is a sexually violent person." 725 ILCS 207/30(b) (West 2012).

¶ 14    Following a civil commitment, the DHS must conduct a reexamination of the committed person's mental condition within six months of the initial commitment, and additional reexaminations must occur in at least 12-month intervals. 725 ILCS 207/55(a) (West 2012). At the time of each reexamination under section 55 of this Act, the committed person shall receive written notice of the right to petition the court for discharge, accompanied by a waiver of rights. 725 ILCS 207/65(b)(1) (West 2012). If the committed person does not waive the right to petition for discharge, the court then conducts a hearing to determine if there is probable cause to warrant an evidentiary hearing on whether respondent is an SVP. *Id.*

¶ 15    The State argues that the Act allows a committed person to file a petition for discharge only in a limited window of time, which, the State contends, is after receiving notice of the respondent's right to petition at the time of the yearly reexamination, but before the probable cause hearing. Thus, because the respondent filed after the hearing, the State maintains that the petition and accompanying motion are untimely.

¶ 16    A plain reading of section 65(b) of the Act provides that the respondent's right to file a petition for discharge is triggered by the yearly reexamination required by section 55 of the Act. Furthermore, the repeal of section 70 of the Act in 2012, which permitted the filing of a petition for discharge "at any time," makes it clear that the legislature specifically intended to prohibit filings in this manner. 725 ILCS 207/70 (West 2000). Thus, the circuit court did not err in finding the petition for discharge and motion for appointment of an expert untimely under the Act.

¶ 17    The respondent concedes that the Act required his petition for discharge to be filed at the time of his yearly reexamination; however, he maintains that this concession does not resolve this appeal. Rather, he grounds his argument in the timing of the filing of the petition for discharge, arguing that the petition was a postjudgment motion.

¶ 18    In addressing whether the respondent's petition for discharge was a valid postjudgment motion, we turn to section 2-1203(a) of the Code of Civil Procedure (Code), which governs postjudgment motions in cases decided without a jury and provides that:

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2010).

¶ 19    The respondent essentially argues that this court must consider what a postjudgment motion must have and what it need not have. Relying on *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24 (2002), the respondent argues that because he filed within 14 days after the July 17, 2014, order, the petition is timely, as it was filed within the required 30-day window. Further, the respondent argues that pursuant to *Kingbrook*, the only qualification besides timeliness is a request for section 2-1203(a) relief, and that no specificity within the petition is mandated.

The respondent contends that his request for discharge and conditional release is "close enough" to a request to rehear and vacate or modify the court's previous order. We disagree.

¶ 20 In *Kingbrook*, the issue before our supreme court concerned whether a postjudgment motion must present some detail or argument to toll the time to appeal. *Id.* at 31. The motion at issue was titled " 'Motion For Reconsideration,' " and the substance of the document requested " 'the Court to reconsider its decision granting severing [*sic*] judgment in favor of the Defendants.' " *Id.* at 26-27. Our supreme court found no basis for a specificity requirement in the plain language of the Code or the supreme court rules. *Id.* at 31.

¶ 21 Unlike *Kingbrook*, the question to be addressed here, similar to that in *Heiden v. DNA Diagnostics Center, Inc.*, 396 Ill. App. 3d 135, 139-40 (2009) (court found plaintiff's motion was not a valid postjudgment motion, because although the caption and prayer for relief requested reconsideration, the substance of the motion asked only for clarification of the court's earlier ruling, thus the request was not directed against the judgment, as one of the forms of relief set out in section 2-1203(a) was not sought), is whether the respondent sought section 2-1203(a) relief at all.

¶ 22 In another post-*Kingbrook* case, *Shutkas Electric, Inc. v. Ford Motor Co.*, 366 Ill. App. 3d 76, 81 (2006), plaintiff's caption asked for modification, but the substance of the motion requested the addition of a party plaintiff and for leave to file a second amended complaint. The court concluded that regardless of the caption, the substance of the motion lacked a form of section 2-1203(a) relief, including a rehearing, a retrial, a modification, a vacation of an earlier judgment or for other similar relief. *Id.* Thus, the court dismissed the motion because "[t]he nature of a motion is determined by its substance rather than its caption." (Internal quotation marks omitted.) *Id.*

¶ 23 After a careful review, we do not interpret the respondent's request to be a valid postjudgment motion. As the State properly argues, it is important to note that section 2-1203 postjudgment motions for relief serve "to alert the trial court to errors it has made and to afford an opportunity for their correction." *In re Marriage of King*, 336 Ill. App. 3d 83, 87 (2002). Not only did the respondent's caption read, "Petition for Discharge," but the substance of the petition requested discharge and conditional release. The respondent did not refer to, let alone challenge, the reliability of Dr. Suire's 2014 report. Instead, the petition essentially requested the court to grant a new proceeding to examine the respondent's mental condition independent from the court's previous order. For all intents and purposes, the respondent's filing invited the court to treat the petition as a petition for discharge, not as a postjudgment motion directed at the previous judgment. See *Heiden*, 396 Ill. App. 3d at 140; *Shutkas Electric*, 366 Ill. App. 3d at 81. Thus, the court did not err in dismissing the petition for discharge and motion for appointment of an expert.

¶ 24 For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

¶ 25 Affirmed.