2019 IL App (1st) 182410-U

No. 1-18-2410

Order filed December 12, 2019

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANDREW STOLA, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN WORKMAN PROFESSIONAL, INC., | ) | No. 16 M1 12914 |
| and ANTHONY PEREZ, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (American Workman Professional, Inc., Defendant- | ) | Brendan A. O'Brien, |
| Appellant). | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We reject the appellee's contention that we lack appellate jurisdiction. However, we affirm the circuit court's judgment because the appellant has not provided a record on appeal that is sufficient to support his claims of error.

¶ 2   Defendant American Workman Professional, Inc. (AWP) appeals the circuit court's

judgment awarding plaintiff Andrew Stola damages and attorney fees under the Consumer Fraud

Act. AWP contends that the judgment, entered following a bench trial, is against the manifest weight of the evidence. Stola counters that we lack appellate jurisdiction because AWP did not file a timely notice of appeal. For the reasons discussed below, we reject Stola's contention that we lack appellate jurisdiction, but we affirm the circuit court's judgment because AWP failed to provide a record on appeal that is sufficient to support its claims of error.[1]

¶ 3                                I. BACKGROUND

¶ 4      In June 2016, Stola filed a three-count complaint against AWP.[2] Count 1 alleged that AWP breached a contract to perform repair work on Stola's residence by failing to perform "in a competent and workmanlike manner." Count 2 alleged that AWP violated sections 2B and 2Q(c) of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act or Act) (815 ILCS 505/1 *et seq.* (West 2016)). Stola alleged that AWP violated section 2B of the Act by failing to inform him orally and in writing of his right to cancel the contract. See 815 ILCS 505/2B (West 2016) (providing that when a contract for the "sale of merchandise [or services] involving $25 or more is made" between a consumer and "a seller who is physically present at the consumer's residence," the contract must "contain[ ] a 'Notice of Cancellation' informing the consumer that he may cancel the [contract] at any time within 3 days"); 815 ILCS 505/2B(c) (West 2016) (requiring the seller to orally inform the consumer, "at the time he signs the contract or purchases *** the goods or services, of his right to cancel" the transaction). Stola further alleged that AWP violated section 2Q(c) of the Act by failing to return his down payment upon

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2] The complaint also named Anthony Perez as a defendant, but the circuit court entered judgment for Perez on all counts and Stola has not challenged that judgment on appeal.

request after AWP failed to complete its work under the contract. See 815 ILCS 505/2Q(c) (West 2016) ("A person engaged in the business of home repair *** who fails or refuses to commence or complete work under a contract or an agreement for home repair, shall return the down payment and any additional payments made by the consumer within 10 days after a written demand sent to him by certified mail by the consumer."). Finally, count 3 alleged that AWP violated the Home Repair and Remodeling Act (Home Repair Act) (815 ILCS 513/1 *et seq.* (West 2016)) by failing to give Stola a consumer rights pamphlet before entering into the home repair contract with him. See 815 ILCS 513/20(a) (West 2016) ("For any contract over $1,000, any person engaging in the business of home repair and remodeling shall provide to its customers a copy of the 'Home Repair: Know Your Consumer Rights' pamphlet prior to the execution of any home repair and remodeling contract."). Pursuant to section 10a(c) of the Consumer Fraud Act (815 ILCS 505/10a(c) (West 2016)), the complaint sought attorney fees with respect to counts 2 and 3.

¶ 5    The case proceeded to trial, with a jury empaneled to hear the breach of contract claim and the trial judge sitting as finder of fact on the statutory claims. We do not know what evidence was presented at trial, however, because the record on appeal does not contain a trial transcript, a bystander's report, or an agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017). All we know is the following: On December 15, 2017, at the close of trial, the jury returned a verdict for Stola on the breach of contract count, awarding him $4,075 in damages.[3] And on January 9, 2018, the trial judge entered judgment for Stola on the Consumer Fraud Act count, awarding him $300 in damages and finding that he was entitled to attorney fees, but

---

[3] AWP does not challenge this judgment on appeal.

reserving judgment on the amount of such fees. The record on appeal contains no findings of fact or any other indication as to whether the court's judgment on the Consumer Fraud Act claim rested on section 2B of the Act, section 2Q(c) of the Act, or both.[4] On June 27, 2018, the trial court entered a separate order awarding Stola $9,927.50 in attorney fees.

¶ 6    On July 27, 2018, AWP filed a postjudgment motion under section 2-1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 2016)). AWP asked the court to vacate the January 9 judgment, arguing that the evidence did not support a finding that it violated either section 2B or section 2Q(c) of the Consumer Fraud Act. With respect to section 2B, AWP argued that Stola presented no evidence that AWP intentionally withheld notice of Stola's right to cancel the contract or that Stola suffered any damages from the lack of notice. With respect to section 2Q(c), AWP argued that Stola could not establish that AWP "fail[ed] or refuse[d] to *** complete work under [the] contract," 815 ILCS 505/2Q(c) (West 2016), because Stola alleged in his complaint that he had "discharged" AWP. AWP also asked the court to vacate the June 27 judgment awarding Stola attorney fees because that judgment was predicated solely on the finding that AWP violated the Consumer Fraud Act. The trial court denied AWP's postjudgment motion on October 12, 2018, concluding that it was untimely and that AWP forfeited its arguments by failing to raise them either before or during trial. On November 9, 2018, AWP filed a notice of appeal.

---

[4] The trial court also found that AWP violated the Home Repair Act, but it requested additional briefing on whether that violation resulted in any damages. Stola later withdrew the Home Repair Act count and it is not at issue in this appeal.

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, AWP argues that the trial court's judgment finding that it violated the Consumer Fraud Act was against the manifest weight of the evidence and that the trial court erred in denying its postjudgment motion. Before we may turn to those questions, however, we must address Stola's contention that we lack appellate jurisdiction because AWP did not file a timely notice of appeal.

¶ 9      The timely filing of a notice of appeal is jurisdictional. *Huber v. American Accounting Association*, 2014 IL 117293, ¶ 19. Under Illinois Supreme Court Rule 303(a), a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion." Ill. S. Ct. R. 303(a) (eff. July 1, 2017). When an action involves multiple claims for relief, however, a judgment resolving less than all of the claims is not immediately appealable unless the trial court expressly finds "that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Absent that finding, a judgment resolving less than all of the claims in an action "is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all [remaining] claims." *Id.* As relevant here, a request for attorney fees is a "claim" within the meaning of Rule 304(a). See *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464-68 (1990); *Dewan v. Ford Motor Co.*, 343 Ill. App. 3d 1062, 1071-73 (2003).

¶ 10     The trial court entered judgment against AWP on the Consumer Fraud Act claim on January 9, 2018. However, under Rule 304(a), that judgment was not immediately appealable because Stola's request for attorney fees remained pending. See *F.H. Prince & Co., Inc. v.*

*Towers Financial Corp.*, 266 Ill. App. 3d 977, 983-84 (1994). The January 9 judgment did not become appealable until June 27, 2018, when the trial court entered its subsequent judgment awarding Stola attorney fees, which resolved the last pending claim in the case. Accordingly, under Rule 303(a), AWP's notice of appeal was due within 30 days of June 27, 2018, or within 30 days of an order disposing of a timely filed postjudgment motion. AWP filed its notice of appeal on November 9, 2018, more than 30 days after the June 27 judgment but within 30 days of the trial court's order denying its postjudgment motion. Accordingly, AWP's notice of appeal may be deemed timely only if its postjudgment motion itself was timely.

¶ 11     Under section 2-1203 of the Code, a postjudgment motion following a bench trial must be filed "within 30 days after the entry of the judgment." 735 ILCS 5/2-1203(a) (West 2016). AWP filed its postjudgment motion on July 27, 2018, within 30 days of the June 27 judgment awarding Stola attorney fees, but many months after the underlying judgment of January 9. Stola contends that AWP's postjudgment motion was directed solely at the January 9 judgment and was thus untimely because it was not filed within 30 days of that judgment. If AWP's postjudgment motion was in fact directed solely at the January 9 judgment, then the question of whether it was timely filed is unsettled. In *Pempek v. Silliker Laboratories, Inc.*, 309 Ill. App. 3d 972, 977-80 (1999), another division of this court held that a postjudgment motion under section 2-1202 of the Code (the similarly worded analogue for postjudgment motions following jury trials) must be filed within 30 days of the judgment that it challenges, even if that judgment remains unappealable under Rule 304(a) due to the pendency of other claims. However, in *McDonald v. Health Care Service Corp.*, 2012 IL App (2d) 110779, ¶ 21, the Second District

rejected *Pempek* and held that a postjudgment motion under section 2-1203 is timely so long as it is filed within 30 days of "the entry of a final and appealable judgment."

¶ 12    We need not resolve the conflict between *Pempek* and *McDonald* because we conclude that AWP's postjudgment motion was directed against both the January 9 judgment *and* the June 27 judgment and was thus timely regardless of which rule controls.[5] Although AWP's postjudgment motion primarily challenged the trial court's January 9 judgment resolving the underlying Consumer Fraud Act claim, it also expressly asked the court to vacate the June 27 judgment awarding attorney fees on that claim. Stola contends that the motion did not sufficiently challenge the June 27 judgment because it did not contest the *amount* of fees awarded but merely argued that no fees would be warranted if the court vacated the underlying judgment. But the Illinois Supreme Court has "decline[d] to hold that post-judgment motions in nonjury cases must contain some undefined degree of detail, lest the filer risk that the reviewing court hold that the motion is not a [postjudgment] motion at all." *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24, 33 (2002). Regardless of the arguments it advanced, AWP's motion qualifies as a postjudgment motion directed against the June 27 judgment because it "expressly asked the court to vacate" that judgment. *Affordable Housing Preservation Foundation v. Wiiams*, 375 Ill. App. 3d 305, 307 (2007). It was thus a timely postjudgment motion under section 2-1203 and tolled the time for AWP to file its notice of appeal under Rule 303(a). For that reason, AWP's notice of appeal was timely, and we may proceed to the merits of the appeal.

---

[5] Stola does not dispute that if AWP's postjudgment motion was directed against the June 27 judgment, then it tolled the time for filing a notice of appeal under Rule 303(a) and renders AWP's notice of appeal timely.

¶ 13    On the merits, AWP contends that the trial court erred in finding that it violated section 2Q(c) of the Consumer Fraud Act. That section provides that, if a "person engaged in the business of home repair *** fails or refuses to commence or complete work under a contract *** for home repair," he must "return the down payment and any additional payments made by the consumer within 10 days after a written demand sent to him by certified mail by the consumer." 815 ILCS 505/2Q(c) (West 2016). A judgment entered following a bench trial is generally reviewed under the manifest weight of the evidence standard. *Battaglia v. 736 North Clark Corp.*, 2015 IL App (1st) 142437, ¶ 23. "A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence." *Judgment Services Corp. v. Sullivan,* 321 Ill. App. 3d 151, 154 (2001). AWP contends that any finding that it "fail[ed] or refuse[d] to *** complete work under [the parties'] contract" is against the manifest weight of the evidence because Stola conceded in his complaint that he "discharged" AWP. AWP argues that this concession constituted a judicial admission. As AWP notes, "[a] factual admission in a verified pleading constitutes a judicial admission, which has the effect of withdrawing a fact from issue and makes it unnecessary for the opposing party to introduce evidence in support thereof." *L.D.S., LLC v. Southern Cross Food, Ltd.*, 2011 IL App (1st) 102379, ¶ 35. According to AWP, in light of Stola's judicial admission that he "discharged" AWP, any finding that AWP failed or refused to complete work under the contract, within the meaning of section 2Q(c) of the Consumer Fraud Act, would be against the manifest weight of the evidence.

¶ 14    AWP cannot succeed on this argument, however, because it failed to provide us with a record on appeal that is sufficient to support its claim of error. See *Foutch v. O'Bryant*, 99 Ill. 2d

389, 391 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error."). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis" and "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. As we noted above, the record on appeal includes no trial transcript, bystander's report, or agreed statement of facts. See Ill. S. Ct. R. 323. We thus do not know what evidence was presented at trial or what findings of fact the trial court made with respect to the Consumer Fraud Act count. Indeed, because Stola alleged that AWP violated both section 2B and section 2Q(c) of the Act, without any specific findings of fact from the trial court, we are unable to determine whether the court found a violation of section 2Q(c) at all. Moreover, even if we could say that the trial court's judgment rested on a finding that AWP violated section 2Q(c), our inability to review the evidence that was presented at trial makes it impossible for us to conclude that the judgment was against the manifest weight of the evidence, regardless of the factual concession in Stola's complaint. See *Smith v. Pavlovich*, 394 Ill. App. 3d 458, 468 (2009) (whether a party's factual concession "constitutes a judicial admission must be decided under the circumstances in each case" and "in relation to the other testimony and evidence presented"). AWP's contention that Stola failed to prove damages or proximate cause fails for the same reason. Without a trial transcript or other appropriate substitute, we must presume that the trial court's judgment was in conformance with the law and was supported by a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 15    Finally, AWP argues that the trial court erred in denying its postjudgment motion on the grounds of untimeliness and forfeiture. We may again put to the side the question of whether the

portion of AWP's postjudgment motion challenging the court's underlying judgment on the Consumer Fraud Act claim was timely, because AWP has not shown that the trial court erred in determining that it forfeited its postjudgment arguments by failing to raise them earlier. At the outset, we hold that AWP has forfeited on appeal any contention that the trial court's forfeiture analysis was erroneous, as it failed to support this argument with any citation to authority in its appellate brief. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (appellant's opening brief must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *Crull v. Sriratana*, 388 Ill. App. 3d 1036, 1045 (2009) ("A contention that is supported by some argument but no authority does not meet the requirements of Rule 341 and is considered forfeited."). Even were the argument not forfeited, AWP has not demonstrated that the trial court abused its discretion in denying the postjudgment motion. See *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1078 (2007) ("The decision to grant or deny a motion for reconsideration lies within the discretion of the circuit court and will not be reversed absent an abuse of that discretion."). The purpose of a section 2-1203 motion is "to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law." *Id.* AWP's motion did not bring to the court's attention any newly discovered evidence, nor did it cite any change in law or errors in the court's application of existing law. The basis for AWP's judicial admission argument was available before and during trial, and the (incomplete) record on appeal suggests that AWP failed to raise the argument at any point prior to the filing of its postjudgment motion. In those circumstances, we cannot say that the trial court abused its discretion in finding the contention forfeited. See *Hall v. Cipolla*, 2018 IL App (4th) 170664, ¶¶ 93-97 (holding that party "forfeited her theory of judicial admissions" by "wait[ing] until posttrial proceedings to raise

[the] legal theory"). Moreover, we cannot say that the trial court erred in denying AWP's argument that the evidence did not establish actual damages or proximate cause because AWP has not provided a record on appeal that sufficiently supports its underlying claim of error. See *Tzakis v. Berger Excavating Contractors, Inc.*, 2019 IL App (1st) 170859, ¶ 51 ("[W]e may affirm the trial court's [order] on any basis supported by the record, even if the trial court did not base its decision on that ground.").

¶ 16                                      III. CONCLUSION

¶ 17     For the foregoing reasons, we affirm the circuit court's judgment.

¶ 18     Affirmed.